UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **HOUSTON FLEETING SERVICES LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-cv-2705** |
| **M/V YANGZE 7, her engines, tackle, apparel, bunkers, etc.,** *in rem*; **Ladon Shipping Pte. Ltd.; Yangzijiang Shipping Pte. Ltd.; Shanghai Run Yuan Shipping Management Co., Ltd.** | **JUDGE** |
| | **MAGISTRATE JUDGE** |

## VERIFIED COMPLAINT

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS:**

NOW INTO COURT, through undersigned counsel, comes plaintiff, Houston Fleeting Services LLC ("HFS"), and for its Verified Complaint against defendants M/V YANGZE 7, IMO 9718911, *in rem* (sometimes referred to herein as the "Vessel")*,* and Ladon Shipping Pte. Ltd., Yangzijiang Shipping Pte. Ltd., and Shanghai Run Yuan Shipping Management Co., Ltd., *in personam*, and stating an admiralty and maritime claim within the meaning of Rule 9(h) and Supplemental Admiralty Rule C of the Federal Rules of Civil Procedure, respectfully represents upon information and belief as follows:

### JURISDICTION AND VENUE

1.

This is an admiralty and maritime claim within the meaning of Rule 9(h) and Supplemental Rule C of the Federal Rules of Civil Procedure. Jurisdiction is based on 28 U.S.C. §1333.

2.

This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1333 because this is a maritime tort action.

3.

Venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1391(b)(2) and (b)(3) and Supplemental Admiralty Rule C.

4.

Plaintiff invokes the maritime procedures and special relief provided in Rule C of the Supplemental Rules for Admiralty or Maritime Claims & Asset Forfeiture Actions ("Admiralty Rules") of the Federal Rules of Civil Procedure for the arrest of the M/V YANGZE 7 as detailed herein.

**PARTIES**

5.

Plaintiff, HFS, is a Texas limited liability company, having its principal place of business in Texas.

6.

Defendant, M/V YANGZE 7, IMO 9718911, *in rem*, is, upon information and belief, a vessel owned and/or operated and/or managed by Ladon Shipping Pte. Ltd., Yangzijiang Shipping Pte. Ltd. and Shanghai Run Yuan Shipping Management Co., Ltd., which vessel is and was at all relevant times engaged in maritime commerce in the waters of the United States.

7.

Defendant, Ladon Shipping Pte. Ltd. is a Singapore company doing business in the State of Texas.

8.

Defendant, Yangzijiang Shipping Pte. Ltd. is a Singapore company doing business in the State of Texas.

9.

Defendant, Shanghai Run Yuan Shipping Management Co., Ltd. is a Chinese company doing business in the State of Texas.

**FACTS**

10.

Upon information and belief, on or about July 19, 2024, M/V YANGZE 7 was underway, navigating in the Houston Ship Channel in the vicinity of Lynchburg Landing at Buoy 126, when the Vessel made contact with the MISS PEGGY and caused her to capsize and sink.

11.

As result of the aforesaid casualty, HFS sustained damages to MISS PEGGY, together with loss of use, survey and salvage fees, and other expenses and liabilities presently estimated at $25,000,000, not including attorneys' fees, interest, and costs, all of which are claimed and demanded as recoverable damages in this Complaint.

12.

As result of the aforesaid casualty, one crewmember on MISS PEGGY is missing and two crewmembers suffered injuries.

13.

The damage resulting from this incident was not caused or contributed to by any fault or negligence of HFS or the crew of MISS PEGGY, but was caused by the negligence of the M/V YANGZE 7, including, but not limited to, a failure to properly navigate and control the Vessel,

and the unseaworthiness of the M/V YANGZE 7, for which Ladon Shipping Pte. Ltd., Yangzijiang Shipping Pte., and Shanghai Run Yuan Shipping Management Co., Ltd. are responsible.

14.

Under United States general maritime law, HFS has a maritime lien on the M/V YANGZE 7, that was impressed upon her at the time of this incident, for the entire amount owed to HFS and any amounts paid by HFS in maintenance and cure or other damages, or such greater amount as will be proven at trial, plus interest, costs and attorney's fees.

15.

Upon information and belief, the M/V YANGZE 7 is presently, or will during the pendency of this action be, on the navigable waters of the United States within the jurisdiction of this Honorable Court and is subject to arrest pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, to enforce HFS' maritime lien on the Vessel.

16.

All and singular, the foregoing is true and correct and within the admiralty and maritime jurisdiction of this Honorable Court.

### CAUSES OF ACTION
### COUNT 1: LIABILITY FOR DAMAGE TO THE MISS PEGGY

17.

HFS incorporates by reference the allegations in Paragraph 1-16 as if restated herein in full.

18.

The capsizing and sinking of the MISS PEGGY and all damages arising from or relating to such capsizing and sinking were caused by the negligence of Ladon Shipping Pte. Ltd., Yangzijiang Shipping Pte., and Shanghai Run Yuan Shipping Management Co., Ltd. and their employees, crewmembers, officers, agents, and/or servants for whom they are responsible, jointly and severally, for failure to exercise due diligence to make the M/V YANGZE 7 seaworthy, and/or the other fault of the Vessel's owners, operators, and/or crew, all within the privity and knowledge of the Vessel's owners, for which they are liable in the following non-exclusive respects:

a) Failing to maintain a proper lookout;

b) Failing to sound the vessel's whistle;

c) Failing to stop or alter course;

d) Failing to safely navigate the vessel;

e) Failing to operate the vessel in a safe fashion;

f) Failing to operate the vessel at a safe speed;

g) Failing to properly train and/or supervise the Vessel's crew;

h) Failing to adequately man the Vessel;

i) Violating applicable maritime safety statutes and/or rules; and

j) Other acts of negligence that are identified in discovery and proven at trial.

HFS reserves the right to amend this paragraph as discovery proceeds.

## COUNT 2: CONTRIBUTION AND INDEMNITY

19.

HFS incorporates by reference the allegations in Paragraph 1-18 as if restated herein in full.

20.

As result of the aforesaid casualty, one crewmember on MISS PEGGY is missing and two crewmembers suffered injuries.

21.

HFS will pay maintenance and cure benefits as a result of the sinking of the MISS PEGGY and the crewmembers' alleged physical injuries.

22.

Defendants are liable to HFS for amounts paid and that will be paid in maintenance and cure benefits, unearned wages, and any and all other damages that may be proven at trial as a result of their negligence in the sinking of the MISS PEGGY.

23.

To the extent any claim is asserted against HFS for personal injury or wrongful death by any crewmember of the MISS PEGGY or any third party, Defendants are liable to HFS for tort contribution or indemnity under the general maritime law because defendants were negligent and the Vessel was unseaworthy as set forth above.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED**, plaintiff, HFS, prays:

1. That process issue from this Honorable Court in proper form instructing the United States Marshal for this District to issue and effect a warrant for arrest of the M/V YANGZE 7, *in*

*rem*, pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure;

2. That the United States Marshal for this District arrest the said Vessel and maintain custody over the Vessel until such time as claimant thereto posts security sufficient in form and amount to secure plaintiff's claims herein;

3. That those claiming an interest in the said Vessel be required to file a claim to the said Vessel and answer, all and singular, the allegations of this Verified Complaint;

4. That after further proceedings be had, judgment be entered herein in favor of the plaintiff and against the M/V YANGZE 7, *in rem*, and against Ladon Shipping Pte. Ltd., Yangzijiang Shipping Pte., and Shanghai Run Yuan Shipping Management Co., Ltd., *in personam*, in the amount of $25,000,000, and for contribution or indemnity for any amounts paid or will be paid by plaintiff as a result of defendants' fault, plus accrued interest, attorney's fees, costs, fees and all such other sums to which plaintiff is entitled;

5. That after further proceedings, the M/V YANGZE 7 be condemned and sold to satisfy the claims asserted herein by plaintiff, or, alternatively, that plaintiff have satisfaction of its claim out of the security, if any, posted to secure the Vessel's release; and

6. For all such other and further relief that justice and the nature of this case will allow.

Respectfully submitted,

**LISKOW & LEWIS APLC**

*/s/ David L. Reisman*
David L. Reisman
State Bar No.24039691
Federal ID No. 3591037
Elizabeth B. McIntosh
La. Bar No. 36575
Federal ID No. 3133917

LISKOW & LEWIS
Hancock Whitney Center
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Fax No. (504) 556-4108
dreisman@liskow.com
ebmcintosh@liskow.com

Michael A. Golemi
State Bar No. 24047536
Fed. ID No. 559843
Jonas S. Patzwall
State Bar No. 24122915
Fed. ID No. 3712905
Elizabeth A. Strunk
State Bar No. 24047536
Fed. ID No. 3865286
1001 Fannin Street, Ste. 1800
Houston, TX 77002
Telephone: (713) 651-2900
Facsimile: (701) 651-2908
magolemi@liskow.com
jspatzwall@liskow.com
eastrunk@liskow.com

**ATTORNEYS FOR HOUSTON FLEETING SERVICES LLC**

**PLEASE ISSUE A WARRANT OF ARREST
AGAINST THE M/V YANGZE 7, AND
SERVE THE SAID WARRANT ON THE MASTER
OF THE M/V YANGZE 7, PRESENTLY
EN ROUTE TO OR LOCATED AT
KINDER MORGAN BULK TERMINAL
2661 PENN CITY RD
HOUSTON, TX 77015**

## **VERIFICATION**

## **DECLARATION OF DAVID L. REISMAN**

Pursuant to 28 U.S.C. § 1746, I, David L. Reisman, declare and state under penalty of perjury that the following is true and correct:

1. My name is David L. Reisman. I am over the age of 18.

2. I am an attorney at law and a member of the firm Liskow & Lewis APLC, attorneys for Plaintiff, Houston Fleeting Services LLC;

3. I have read the allegations of the foregoing Complaint and know the contents thereof, and that the same are true and correct to the best of my knowledge, information and belief, that being information and documents received from my client, Houston Fleeting Services LLC, and through other publicly available sources;

4. I make this Verification, which I am authorized to do, due to the exigencies of the circumstances.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 21, 2024.

_____
DAVID L. REISMAN