**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPAINT AND | § | |
| PETITION OF LADON SHIPPING PTE. LTD., | § | |
| AS OWNER OF THE VESSEL YANGZE 7, | § | CASE NO: 4:24-cv-2705 |
| ITS ENGINES, TACKLE, ETC., IN THE | § | |
| CAUSE OF EXONERATION FROM OR | § | |
| LIMITATION OF LIABILITY | § | ADMIRALTY |

**NOTICE OF APPEARANCE AND CLAIM OF DAMAGES FOR PERSONAL INJURY AND ANSWER TO PETITION FOR EXONERATION FROM OR LIMITATION OF LIABILITY OF LADON SHIPPING PTE. LTD**

**NOW INTO COURT**, through undersigned counsel, comes Claimant, Karribian Scott, as Next Friend of A.L. and K.L. (hereafter "Claimant"), who respectfully files the following Answer, and Claim to the Complaint for Exoneration from and/or Limitation of Liability filed by Petitioners-in-Limitation, Ladon Shipping Pte. Ltd., as owner of the M/V YANGZE 7, respectfully represent to this Court as follows:

## I.
## CLAIM OF DAMAGES

1. This claim is brought under the Texas Wrongful Death Act and the general maritime law of the United States of America. Claimant has standing to maintain this action, including for wrongful death, under Texas Civil Practice & Remedies Code §§ 71.001-71.004 and 71.021. Claimant thus brings this action pursuant to section 71.021 of the Texas Civil Practice & Remedies Code, commonly known as the "survival statute," as well as pursuant to the common laws of the State of Texas, on behalf of Aquarius Lowman's children, A.L. and K.L., who are heirs of the Estate of Aquarius Lowman.

2. This suit is necessary to collect a legal debt and damages due and owing Claimant due to the negligence of Petitioners-in-Limitation, and the unseaworthiness of the M/V YANGZE 7 (sometimes referred to as the "Vessel")., all of which proximately caused the death of Mr. Aquarius Lowman on or about July 19, 2024, while working aboard the MISS PEGGY as it operated in the navigable waters of the Houston Ship Channel.

3. Petitioners-in-Limitation Ladon Shipping Pte. Ltd., as owner of the M/V YANGZE 7, are justly and truly indebted to Claimant, Karribian Scott, as Next Friend of A.L. and K.L, and all others entitled to recover as beneficiaries of Decedent, Mr. Aquarius Lowman, for all damages that are reasonable in the premises, together with legal interest from the date of incident until paid and all costs of these proceedings, by reason of the following:

4. At all material times herein, Petitioners-in-Limitation are the owners, owners *pro hac vice* and/or operators of the M/V YANGZE 7, including its hull, equipment, rigging, and appurtenances.

5. On or about July 19, 2024, Aquarius Lowman (Deceased), was working as a deckhand and assigned as a member of the crew of the MISS PEGGY.

6. At all material times, the M/V YANGZE 7 was under the active control of Petitioners-in-Limitation.

7. On July 19, 2024, the M/V YANGZE 7 was on the navigable waters of the Houston Ship Channel transiting inbound to Kinder Morgan Bulk Terminal. During the voyage, when the M/V YANGZE 7, in the vicinity of the Lynchburg Ferry, the vessel caused a collision with the MISS PEGGY, resulting in the capsizing and sinking of the tug, and the death of Mr. Aquarius Lowman (Deceased).

8. Mr. Aquarius Lowman (Deceased) did not survive the collision and, upon information and belief, died while attempting to evacuate the vessel.

9. The incident described herein and resulting death of Mr. Aquarius Lowman (Deceased) were proximately caused by the negligence and fault of Petitioners-in-Limitation in the following non-exclusive particulars, each within the privity and knowledge of Petitioners-in-Limitation:

a. Failing to use reasonable care under the circumstances;
b. Failing to maintain a proper lookout while navigating the Houston Ship Channel;
c. Failing to safely navigate the YANGZE 7;
d. Failure to adequately communicate;
e. Failing to account for the prevailing conditions;
f. Failing to take all actions possible to avoid collision with the MISS PEGGY;
g. Failing to operate at a safe speed when approaching and passing another vessel;
h. Failing to take evasive actions to avoid the collision;
i. Failing to provide proper and adequate information to properly navigate the vessel;
j. Failing to take reasonable precautions for the safety of those aboard other vessels;
k. The unseaworthiness of the M/V YANGZE 7;
l. Failing to properly train and/or supervise the Vessel's crew;
m. Failing to adequately equip the M/V YANGZE 7;
n. Violating applicable maritime safety statutes and/or rules; and
o. Other negligent acts and/or omissions to be shown at the trial of this action.

10. The incident described herein and resulting and resulting death of Aquarius Lowman (Deceased) was proximately caused by the unseaworthiness of the M/V YANGZI 7, in the

following non-exclusive particulars, each within the privity and knowledge of Petitioners-in-Limitation:

a. The vessel and all of its equipment and/or appurtenances were not safe for the proper performance of the operations in question;

b. The vessel and all of its equipment and/or appurtenances were not reasonably fit for its intended purpose;

c. The vessel and all of its equipment and/or appurtenances were inadequately maintained;

e. Other unseaworthy conditions to be determined at a trial of this action.

10. Due to the negligence, carelessness and fault of Petitioners-in-Limitation and the unseaworthiness of the M/V YANGZE 7, all of which were within the privity and knowledge of Petitioners-in-Limitation, Aquarius Lowman (Deceased) sustained injuries and died, thereby rendering Petitioners-in-Limitation liable, directly and vicariously, for the negligence of their employees, agents and representatives, and the unseaworthiness of the vessel.

11. Nothing Aquarius Lowman (Deceased) did, or failed to do, on the occasion in question caused or in any way contributed to cause Aquarius Lowman (Deceased) injuries and death and Claimants' resultant damages.

12. Claimant, is entitled to recover all damages, wrongful death and survival, due and owing to beneficiaries, including, but not limited to, pre-death pain and suffering, funeral and burial expenses, loss of economic support, pre-death pain and suffering of the Deceased, and all other pecuniary and non-pecuniary damages available under applicable law and equity.

13. At all material times, Petitioners-in-Limitation had privity and knowledge of the negligence complained of herein and the unseaworthiness of the M/V YANGZE 7, which unseaworthiness existed when the M/V YANGZE 7.

14. Jurisdiction of all claims herein against Petitioners-in-Limitation is based upon 28 U.S.C. § 1333 and/or the general maritime law, and is brought pursuant to Federal Rule of Civil Procedure 9(h).

15. This claim is being made under protest and without prejudice to Claimant's position that this limitation action is improper and should be dismissed.

16. Claimants' damages will exceed the limitation fund.

## II.

## GENERAL DEFENSES AND ANSWER TO COMPLAINT OF PETITIONER

COMES NOW Claimant and answers the complaint Petitioner which seek exoneration from or limitation of liability:

1. In answering Petitioner's complaint for exoneration from or limitation of liability, Claimant would show that Petitioner is not entitled to exoneration from liability. The death of Mr. Aquarius Lowman (Deceased) was proximately caused by the negligence, carelessness and fault of Petitioner, as owner and/or operator of an unseaworthy vessel,

2. In further answer, Claimant would show that Petitioner is not entitled to limitation of liability for the reason that said acts of negligence and conditions of unseaworthiness which caused the injury and death of Mr. Aquarius Lowman (Deceased) were within the privity and knowledge of Petitioner.

3. Without waiving claim that Petitioner is not entitled to an exoneration from or limitation of liability, Claimant reserves his right to demand a trial by jury in the forum of his choice, as provided by the Constitutions and laws of the United States of America and the State of Texas.

4. Without waiving claim that Petitioner is not entitled to an exoneration from or limitation of liability, Claimant contends, under rule F(7) of the Supplemental Rules for Certain Admiralty and

Maritime Claims under the Federal Rules of Civil Procedure, that Petitioner has posted insufficient security. Claimant demands that the amount of security referred to in Petitioner's Motion be increased on the grounds that it is less than Petitioner's interest in the vessels (including the vessels in the flotilla, the contract(s) under which they were working, and the pending freight) or on the grounds that it is insufficient to carry out the provisions of the statutes relating to claims in respect of loss of life or bodily injury. 46 U.S.C. § 183(b)-(f).

## III.

## GENERAL DENIAL OF ALLEGATIONS OF PETITIONER

COMES NOW Claimant answers the complaints of Petitioner, which seek exoneration from or limitation of liability:

5. Claimant generally denies each and every allegation set forth in Petitioner's original complaint seeking exoneration from or limitation of liability, and demands strict proof thereof.

## IV.

## SPECIFIC DENIAL OF ALLEGATIONS OF PETITIONER

AND NOW Claimant specifically answers the complaint of Petitioner, which seeks exoneration from or limitation of liability:

6. The allegations contained in Paragraph 1 of the Complaint for Exoneration from and/or Limitation of liability state conclusions of law which are jurisdictional in nature and, therefore, require no response from Claimant. However, insofar as a response may be deemed required by Claimant, the allegations are denied for a lack of sufficient information to justify a reasonable relief therein.

7. The allegations contained in Paragraph 2 of the Complaint for Exoneration from and/or

Limitation of liability state conclusions which are jurisdictional in nature and, therefore, require no response from Claimant. However, insofar as a response may be deemed required by Claimant, the allegations are denied for a lack of sufficient information to justify a reasonable relief therein.

8. The allegations contained in Paragraph 3 of the Complaint for Exoneration from and/or Limitation of liability state conclusions which are jurisdictional in nature and, therefore, require no response from Claimant. However, insofar as a response may be deemed required by Claimant, the allegations are denied for a lack of sufficient information to justify a reasonable relief therein.

9. The allegations of Paragraph 4 of the Complaint are denied for lack of knowledge and information sufficient to justify a belief as to the truth of the matters asserted therein.

10. Claimant denies the allegations of Paragraph 5.

11. The allegations contained in Paragraph 6 of the Complaint are admitted to the extent necessary to admit that various lawsuits and/or claims have been filed with regard to what Petitioner describes is the “Incident” and that Aquarius Lowman died as a result of the collision; otherwise, the allegations are denied for lack of knowledge and information sufficient to justify a belief as to the truth of the matters asserted therein.

12. Claimant admits the allegations in Paragraph 7 that Petitioner filed this case within 6 months. Claimant denies that this action is otherwise proper and denies that Petition is entitled to limitation of liability.

13. Claimant denies the allegations of Paragraph 8.

14. Claimant denies the allegations of Paragraph 9.

15. Claimant admits the allegations in Paragraph 10 in that Aquarius Lowman died as a result of the Incident and other crewmembers were also aboard the MV Miss Peggy. Otherwise, the allegations are denied for lack of knowledge and information sufficient to justify a belief as to the

truth of the matters asserted therein.

16. The allegations contained in Paragraph 11 of the Complaint are admitted to the extent necessary to admit that various lawsuits and/or claims have been filed with regard to what Petition describes is the "Incident"; otherwise, the allegations are denied for lack of knowledge and information sufficient to justify a belief as to the truth of the matters asserted therein.

17. Claimant admits that allegation in Paragraph 12 that other crewmembers may file claims. Otherwise, the allegations are denied for lack of knowledge and information sufficient to justify a belief as to the truth of the matters asserted therein.

18. Claimant denies the allegations in Paragraph 13 and asserts that the amount of security be increased on the grounds that it is less than Petitioner's interest in the vessels (including the vessels in the flotilla, the contract(s) under which they were working, and the pending freight) or on the grounds that it is insufficient to carry out the provisions of the statutes relating to claims in respect of loss of life or bodily injury. 46 U.S.C. § 183(b)-(f). In addition, Claimant asserts that Petition is not entitled to limitation of liability.

19. Claimant denies the allegations in Paragraph 14 and asserts that the amount of security be increased on the grounds that it is less than Petitioner's interest in the vessels (including the vessels in the flotilla, the contract(s) under which they were working, and the pending freight) or on the grounds that it is insufficient to carry out the provisions of the statutes relating to claims in respect of loss of life or bodily injury. 46 U.S.C. § 183(b)-(f). In addition, Claimant asserts that Petition is not entitled to limitation of liability.

20. Claimant denies the allegations in Paragraph 15 and asserts that the amount of security be increased on the grounds that it is less than Petitioner's interest in the vessels (including the vessels in the flotilla, the contract(s) under which they were working, and the pending freight) or on the

grounds that it is insufficient to carry out the provisions of the statutes relating to claims in respect of loss of life or bodily injury. 46 U.S.C. § 183(b)-(f). In addition, Claimant asserts that Petition is not entitled to limitation of liability.

21. Claimant denies the allegations in paragraph 16.

22. Claimant denies the allegations in paragraph 17.

23. The allegations contained in Paragraph 18 of the Complaint for Exoneration from and/or Limitation of liability state conclusions which are jurisdictional in nature and, therefore, require no response from Claimant. However, insofar as a response may be deemed required by Claimant, the allegations are denied for a lack of sufficient information to justify a reasonable relief therein.

WHEREFORE, PREMISES CONSIDERED, Claimant prays that Petitioner's complaint seeking exoneration from or limitation of liability be dismissed and for such other and further relief to which Claimant may be entitled.

Respectfully submitted,
**DOYLE DENNIS AVERY LLP**

MICHAEL PATRICK DOYLE
Texas Bar No. 06095650
PATRICK M. DENNIS
Texas Bar No. 24045777
JEFFREY AVERY
Texas Bar No. 24085185
3401 Allen Parkway, Suite 100
Houston, Texas 77019
Email: service@doylelawfirm.com
Phone: 713.571.1146
Fax: 713.571.1148
**Attorneys for Claimant Karribian Scott, as Next Friend of A.L. and K.L.**

**CERTIFICATE OF SERVICE**

I do hereby certify that on August 4, 2024 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.

/s/Patrick M. Dennis
Patrick M. Dennis