**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| RE THE PETITION OF HOUSTON FLEETING SERVICES LLC, AS OWNER OF THE VESSEL, v. M/V MISS PEGGY, ITS ENGINES, TACKLE, ETC., | § § § § § § § § | CASE NO: 4:24-cv-02705 (lead case as consolidated with 4:24-cv-02855, 4:24-cv-02739, 4:24-cv-02759)<br><br>ADMIRALTY |

**CLAIM OF DAMAGES FOR PERSONAL INJURY AND ANSWER TO PETITION FOR EXONERATION FROM OR LIMITATION OF LIABILITY OF HOUSTON FLEETING SERVICES LLC and LADON SHIPPING PTE. LTD**

NOW INTO COURT, through undersigned counsel, comes Karribian Scott, as personal representative of the Estate of Aquarius Lowman (hereafter "Claimant"), who respectfully files this Complaint for Claim of Damages for Personal Injury against Houston Fleeting Services LLC and Ladon Shipping Pte. Ltd., and Answer to the Petition for Exoneration from and/or Limitation of Liability filed by Houston Fleeting Services LLC, as owner of the M/V MISS PEGGY, and Ladon Shipping Pte. Ltd., as owner of the M/V YANGZE 7, to respectfully represent to this Court as follows:

## I.
## COMPLAINT FOR CLAIM OF DAMAGES

### ***Jurisdiction and Venue***

1. This claim is brought under federal law contained in the "Jones Act" (46 U.S.C. § 688) and the general maritime law of the United States of America. Because this is a maritime tort action, jurisdiction of all claims herein is based upon 28 U.S.C. § 1333, Jones Act 46 U.S.C. § 30104, and/or the general maritime.

2. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred herein in Harris County or the Houston Ship Channel.

3. This claim is being made under protest and without prejudice to Claimant's position that the limitation action is improper and should be dismissed.

***Parties***

4. Claimant Karribian Scott, as personal representative of the Estate of Aquarius Lowman, is an individual resident and citizen of the State of Texas.

5. Petitioner Houston Fleeting Services LLC is a Texas limited liability company, having its principal place of business in Texas.

6. Petitioner, Ladon Shipping Pte. Ltd. is a Singapore company doing business in the State of Texas.

***Facts***

7. This suit is necessary to collect a legal debt and damages due and owing Claimant due to the negligence of Mr. Aquarius Lowman's Jones Act employer Houston Fleeting Services LLC and the unseaworthiness of its vessel, the M/V MISS PEGGY, as well as the negligence of Ladon Shipping Pte. Ltd., all of which proximately caused the death of Mr. Aquarius Lowman. on or about July 19, 2024.

8. On that date, Mr. Aquarius Lowman, was working as a deckhand and assigned as a member of the crew of the tug M/V MISS PEGGY when it was underway, navigating in the waters of the Houston Ship Channel.

9. During the voyage, a collision occurred between the M/V MISS PEGGY and the M/V YANGZE 7 (IMO 9718911) in the vicinity of Lynchburg Landing at Buoy 126, resulting in the capsizing and sinking of the M/V MISS PEGGY.

10. Mr. Aquarius Lowman did not survive the collision and, upon information and belief, died while attempting to evacuate the M/V MISS PEGGY.

11. At all material times herein, Houston Fleeting Services LLC was the owner, owner *pro hac vice*, and/or operators of the M/V MISS PEGGY. At all material times, the M/V MISS PEGGY was under the active control of Houston Fleeting Services LLC.

12. At all materials times herein, Ladon Shipping Pte. Ltd., was the owners, owners *pro hac vice*, and/or operators of the vessel M/V YANGZE 7 (IMO 9718911). At all material times, the M/V YANGZE 7 (IMO 9718911) was under the active control Ladon Shipping Pte. Ltd.

13. At the time of his injuries and death, Mr. Aquarius Lowman was a Jones Act seaman more or less permanently assigned to the M/V MISS PEGGY and/or fleet of vessels of his employer, Houston Fleeting Services LLC, and his work contributed to the ultimate mission of the M/V MISS PEGGY in Houston Fleeting Services LLC's fleet.

14. Mr. Aquarius Lowman will show that nothing he did or failed to do on the occasion in question caused or in any way contributed to cause his injuries. To the contrary, the occurrence in which Mr. Aquarius Lowman was injured and killed was proximately caused by the negligence, as that term is understood in law, on the part of Houston Fleeting Services LLC and Ladon Shipping Pte. Ltd.

***First Cause of Action – Jones Act Negligence Against Houston Fleeting Services LLC***

15. Claimant re-alleges and incorporates each allegation contained in the Paragraphs of Section I of this submission as if fully set forth herein.

16. Houston Fleeting Services LLC, by and through its agents, servants, officers, and/or employees, was negligent in creating the dangerous conditions that proximately resulted in Mr. Aquarius Lowman's injuries and death.

17. The incident described herein and resulting death of Mr. Aquarius Lowman were proximately caused by negligence in the following non-exclusive particulars, each within the privity and knowledge of Houston Fleeting Services LLC:

   a. failing to properly maintain the M/V MISS PEGGY;
   b. failing to maintain a proper lookout;
   c. failing to sound the M/V MISS PEGGY's whistle to warn;
   d. failing to stop or alter course;
   e. failing to safely navigate the M/V MISS PEGGY;
   f. failing to operate the M/V MISS PEGGY at a safe speed;
   g. failing to adequately man the M/V MISS PEGGY with sufficient crew;
   h. failing to properly train and/or supervise the M/V MISS PEGGY's crew;
   i. failing to adequately communicate;
   j. failing to account for the prevailing conditions;
   k. failing to take reasonable precautions for the safety of those aboard other vessels;
   l. failing to adequately equip the M/V MISS PEGGY;
   m. the unseaworthiness of the M/V MISS PEGGY;
   n. violating applicable maritime safety statutes and/or rules;
   o. failing to use reasonable care under the circumstances; and

p. other negligent acts and/or omissions to be shown at the trial of this action.

18. Under the circumstances presented by Houston Fleeting Services LLC's violation of law, Houston Fleeting Services LLC is also liable for negligence per se.

***<u>Second Cause of Action – Unseaworthiness Against Houston Fleeting Services LLC</u>***

19. Claimant re-alleges and incorporates each allegation contained in the Paragraphs of Section I of this submission as if fully set forth herein.

20. The M/V MISS PEGGY was a vessel for which Houston Fleeting Services LLC owed Mr. Aquarius Lowman a duty of seaworthiness as a seaman. Houston Fleeting Services LLC breached that duty because the M/V MISS PEGGY was not reasonably fit for its intended purposes, was dangerous, not reasonably safe, and unseaworthy.

21. The incident described herein and resulting injuries to and death of Mr. Aquarius Lowman was proximately caused by the unseaworthiness of the M/V MISS PEGGY, in the following non-exclusive particulars, each within the privity and knowledge of Houston Fleeting Services LLC:

a. The vessel and all of its equipment and/or appurtenances were not safe for the proper performance of the operations in question;

b. The vessel and all of its equipment and/or appurtenances were not reasonably fit for its intended purpose;

c. The vessel and all of its equipment and/or appurtenances were inadequately maintained;

d. Houston Fleeting Services LLC failed to provide adequate crew and equipment, and failed to supervise and train the crew provided;

e. Other unseaworthy conditions to be determined at a trial of this action.

22. At all material times, Houston Fleeting Services LLC had privity and knowledge of the unseaworthiness of the M/V MISS PEGGY, which unseaworthiness existed when the M/V MISS PEGGY was involved in the described incident.

***Third Cause of Action – Negligence and Gross Negligence Against Ladon Shipping Pte. Ltd.***

23. Claimant re-alleges and incorporates each allegation contained in the Paragraphs of Section I of this submission as if fully set forth herein.

24. Claimant further avers that the injuries and death of Mr. Aquarius Lowman were proximately caused by the negligent acts and omissions of Ladon Shipping Pte. Ltd., by and through its agents, servants, officers, and/or employees acting in the course and scope of their employment, creating the dangerous conditions that resulted in Mr. Aquarius Lowman's injuries and death.

25. Specifically, Ladon Shipping Pte. Ltd.'s agents, servants, officers, and/or employees in control of the M/V YANGZE 7 (IMO 9718911) owed a duty to Mr. Aquarius Lowman to navigate the vessel during its voyage so as not to cause harm to others. Despite this, the M/V YANGZE 7 (IMO 9718911) was involved in the vessel-to-vessel collision that resulted in Mr. Aquarius Lowman's injuries and death.

26. Ladon Shipping Pte. Ltd.'s negligence includes, but is not limited to, the following acts or omissions, which were all within the privity and knowledge of Ladon Shipping Pte. Ltd.:

   a. failing to properly maintain the M/V YANGZE 7 (IMO 9718911);

   b. failing to maintain a proper lookout;

   c. failing to sound the M/V YANGZE 7 (IMO 9718911)'s whistle to warn;

   d. failing to stop or alter course;

   e. failing to safely navigate the M/V YANGZE 7 (IMO 9718911);

f. failing to operate the M/V YANGZE 7 (IMO 9718911) at a safe speed;

g. failing to adequately man the M/V YANGZE 7 (IMO 9718911) with sufficient crew;

h. failing to properly train and/or supervise the M/V YANGZE 7 (IMO 9718911)'s crew;

i. failing to adequately communicate;

j. failing to account for the prevailing conditions;

k. failing to take reasonable precautions for the safety of those aboard other vessels;

l. failing to adequately equip the M/V YANGZE 7 (IMO 9718911);

m. the unseaworthiness of the M/V YANGZE 7 (IMO 9718911);

n. violating applicable maritime safety statutes and/or rules;

o. failing to use reasonable care under the circumstances; and

p. other negligent acts and/or omissions to be shown at the trial of this action.

27. The acts and omissions of Ladon Shipping Pte. Ltd. in conscious disregard of the safety of persons such as Mr. Aquarius Lowman, also rose to the level that would constitute gross negligence, in that Ladon Shipping Pte. Ltd. acting through their employees/agents/representatives recklessly and dangerously failed to carry out its important safety obligations (or ratified such misconduct), justifying exemplary damages. Viewed objectively, the acts and omission involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and Ladon Shipping Pte. Ltd. had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety and welfare of others, which resulted in Mr. Aquarius Lowman's injuries and death.

***Damages***

28. Due to the negligence, carelessness, and fault of Houston Fleeting Services LLC and Ladon Shipping Pte. Ltd., and the unseaworthiness of the M/V MISS PEGGY, which were within the respective privity and knowledge of these entities, Mr. Aquarius Lowman sustained injuries and died, thereby rendering each of these entities liable, directly and vicariously, for the negligence of their employees, agents and representatives.

29. Nothing Mr. Aquarius Lowman did, or failed to do, on the occasion in question caused or in any way contributed to cause Mr. Aquarius Lowman's injuries and death and Claimant's resulting damages.

30. Claimant, is entitled to recover all damages due to and owing from the described the negligence by these respective entities and the unseaworthiness of the M/V MISS PEGGY, including, but not limited to, physical pain and mental anguish that Mr. Aquarius Lowman (deceased) suffered at the time of the incident in question to the time of his death, loss of past and future earning capacity, and miscellaneous expenses related to Mr. Aquarius Lowman's passing, including burial and funeral costs.

31. Further, Claimant is entitled to recovery of pre-judgment interest in accordance with law and equity as part of his damages herein, and Claimant here and now specifically sues for recovery of pre-judgment interest from the date of the incident made the basis of this suit until the date of the judgment herein, as provided by law and equity, under the applicable provisions of the laws of the State of Texas and the United States of America.

32. The gross negligence of Ladon Shipping Pte. Ltd. also mandates an award of exemplary damages to deter and punish their misconduct and the misconduct of similarly situated actors.

33. Claimant's damages will exceed the limitation fund.

***Prayer***

34. WHEREFORE, PREMISES CONSIDERED, Claimant prays:

a. that process in due form of law according to the practice of this Honorable Court issue against Defendants, citing them to appear and answer all and singular the matters aforesaid;

b. that Claimant is awarded all damages provided by law and in equity for the injuries sustained as described herein; and

c. that Claimant is awarded all other just and further relief that this Court may deem appropriate.

## II.
## GENERAL DEFENSES AND ANSWER TO COMPLAINT OF PETITIONER-IN LIMITATION HOUSTON FLEETING SERVICES LLC

1. COMES NOW Claimant and answers the complaint of Houston Fleeting Services LLC ("Petitioner-in-Limitation") which seeks exoneration from or limitation of liability:

2. In answering Petitioner-in-Limitation's complaint for exoneration from or limitation of liability, Claimant would show that Petitioner-in-Limitation is not entitled to exoneration from liability. The death of Mr. Aquarius Lowman was proximately caused in part by the negligence, carelessness and fault of Petitioner-in-Limitation, as owner and/or operator of an unseaworthy vessel.

3. In further answer, Claimant would show that Petitioner-in-Limitation is not entitled to limitation of liability for the reason that said acts of negligence and conditions of unseaworthiness which caused the injury and death of Mr. Aquarius Lowman were within the privity and knowledge of Petitioner-in-Limitation.

4. Without waiving claim that Petitioner-in-Limitation is not entitled to an exoneration from or limitation of liability, Claimant reserves his right to demand a trial by jury in the forum of his choice, as provided by the Constitutions and laws of the United States of America and the State of Texas.

5. Without waiving claim that Petitioner-in-Limitation is not entitled to an exoneration from or limitation of liability, Claimant contends, under rule F(7) of the Supplemental Rules for Certain Admiralty and Maritime Claims under the Federal Rules of Civil Procedure, Claimant demands that the amount of security discussed in Petitioner-in-Limitation's AD INTERIM STIPULATION FOR M/V MISS PEGGY be increased on the grounds that it is less than Petitioner-in-Limitation's interest in the vessels (including the vessels in the flotilla, the contract(s) under which they were working, and the pending freight) or on the grounds that it is insufficient to carry out the provisions of the statutes relating to claims in respect of loss of life or bodily injury. 46 U.S.C. § 183(b)-(f).

***General Denial of Allegations of Petitioner-in-Limitation Houston Fleeting Services LLC***

COMES NOW Claimant to answer the complaint of Petitioner-in-Limitation, which seeks exoneration from or limitation of liability:

1. Claimant generally denies each and every allegation set forth in Petitioner-in-Limitation's original complaint seeking exoneration from or limitation of liability, and demands strict proof thereof.

***Specific Denial of Allegations of Petitioner-in-Limitation Houston Fleeting Services LLC***

AND NOW Claimant specifically answers the complaint of Petitioner-in-Limitation, which seeks exoneration from or limitation of liability:

1. The allegations contained in Paragraph 1 of the Complaint for Exoneration from and/or Limitation of liability state conclusions of law which are jurisdictional in nature and, therefore, require no response from Claimant. However, insofar as a response may be deemed

required by Claimant, the allegations are denied for a lack of sufficient information to justify a reasonable relief therein.

2. The allegations contained in Paragraph 2 of the Complaint for Exoneration from and/or Limitation of liability state conclusions which are jurisdictional in nature and, therefore, require no response from Claimant. However, insofar as a response may be deemed required by Claimant, the allegations are denied for a lack of sufficient information to justify a reasonable relief therein.
3. The allegations contained in Paragraph 3 of the Complaint for Exoneration from and/or Limitation of liability state conclusions which are jurisdictional in nature and, therefore, require no response from Claimant. However, insofar as a response may be deemed required by Claimant, the allegations are denied for a lack of sufficient information to justify a reasonable relief therein.
4. The allegations of Paragraph 4 of the Complaint are denied for lack of knowledge and information sufficient to justify a belief as to the truth of the matters asserted therein.
5. Claimant denies the allegations in Paragraph 5.
6. The allegations of Paragraph 6 of the Complaint are admitted to the extent that the M/V MISS PEGGY was navigating the Houston Ship Channel on July 19, 2024, otherwise, the allegations are denied for lack of knowledge and information sufficient to justify a belief as to the truth of the matters asserted therein.
7. The allegations of Paragraph 7 of the Complaint are admitted to the extent that the M/V YANGZE 7 (IMO 9718911) was navigating the Houston Ship Channel on July 19, 2024, otherwise, the allegations are denied for lack of knowledge and information sufficient to justify a belief as to the truth of the matters asserted therein.

8. The allegations of Paragraph 8 are admitted to the extent that the Pilot and crew of the M/V YANGZE 7 (IMO 9718911) acted with negligence and gross negligence, which were within the privity and knowledge of the owners/operators of the M/V YANGZE 7 (IMO 9718911). Otherwise, Claimant must deny the specific allegations for lack of knowledge and information sufficient to justify a belief as to the truth of the matters asserted therein.
9. The allegations of Paragraph 9 are admitted to the extent that the Pilot and crew of the M/V YANGZE 7 (IMO 9718911) acted with negligence and gross negligence, which were within the privity and knowledge of the owners/operators of the M/V YANGZE 7 (IMO 9718911). Otherwise, Claimant must deny the specific allegations for lack of knowledge and information sufficient to justify a belief as to the truth of the matters asserted therein.
10. The allegations of Paragraph 10 are admitted to the extent that the Pilot and crew of the M/V YANGZE 7 (IMO 9718911) acted with negligence and gross negligence, which were within the privity and knowledge of the owners/operators of the M/V YANGZE 7 (IMO 9718911). Otherwise, Claimant must deny the specific allegations for lack of knowledge and information sufficient to justify a belief as to the truth of the matters asserted therein.
11. The allegations of Paragraph 11 are admitted to the extent that the Pilot and crew of the M/V YANGZE 7 (IMO 9718911) acted with negligence and gross negligence, which were within the privity and knowledge of the owners/operators of the M/V YANGZE 7 (IMO 9718911). Otherwise, Claimant must deny the specific allegations for lack of knowledge and information sufficient to justify a belief as to the truth of the matters asserted therein.
12. The allegations of Paragraph 12 of the Complaint are admitted.
13. The allegations of Paragraph 13 of the Complaint are admitted to the extent that the M/V MISS PEGGY sank. Otherwise, Claimant must deny the specific allegations for lack of

knowledge and information sufficient to justify a belief as to the truth of the matters asserted therein.

14. The allegations of Paragraph 14 of the Complaint are admitted to the extent one crewmember died and others are alleged to have injuries; otherwise, the allegations are denied for lack of knowledge and information sufficient to justify a belief as to the truth of the matters asserted therein.

15. The allegations of Paragraph 15 are admitted to the extent that the Pilot and crew of the M/V YANGZE 7 (IMO 9718911) acted with negligence and gross negligence, which were within the privity and knowledge of the owners/operators of the M/V YANGZE 7 (IMO 9718911). Otherwise, Claimant denies the allegations in that Claimant alleges that Petitioners, as owners/operators of the M/V MISS PEGGY maintain responsibility for their own negligence and unseaworthiness, as identified in this claim. Otherwise, Claimant must deny the specific allegations for lack of knowledge and information sufficient to justify a belief as to the truth of the matters asserted therein.

16. The allegations of Paragraph 16 are admitted to the extent that the Pilot and crew of the M/V YANGZE 7 (IMO 9718911) acted with negligence and gross negligence, which were within the privity and knowledge of the owners/operators of the M/V YANGZE 7 (IMO 9718911). Otherwise, Claimant denies the allegations in that Claimant alleges that Petitioners, as owners/operators of the M/V MISS PEGGY maintain responsibility for their own negligence and unseaworthiness, as identified in this claim. Otherwise, Claimant must deny the specific allegations for lack of knowledge and information sufficient to justify a belief as to the truth of the matters asserted therein.

17. Claimant denies the allegations in Paragraph 17.

18. The allegations contained in Paragraph 18 of the Complaint for Exoneration from and/or Limitation of liability that discuss notice of claim are procedural and, therefore, require no response from Claimant.

19. Claimant denies the allegation contained in Paragraph 19 regarding the person and entities that are known claimants for lack of knowledge and information sufficient to justify a belief as to the truth of the matters asserted therein. Claimant further asserts that Claimant has standing as the personal representative of the Estate of Mr. Aquarius Lowman.

20. The allegations of Paragraph 20 of the Complaint are denied for lack of knowledge and information sufficient to justify a belief as to the truth of the matters asserted therein.

21. The allegations of Paragraph 21 of the Complaint are denied.

22. Claimant denies the allegations in Paragraph 22 and asserts that the amount of security be increased on the grounds that it is less than Petitioner's interest in the vessels (including the vessels in the flotilla, the contract(s) under which they were working, and the pending freight) or on the grounds that it is insufficient to carry out the provisions of the statutes relating to claims in respect of loss of life or bodily injury. 46 U.S.C. § 183(b)-(f).

23. Claimant denies the allegations in Paragraph 23.

24. Claimant denies the allegations in Paragraph 24.

25. Claimant denies the allegations in Paragraph 25.

26. The allegations contained in Paragraph 26 of the Complaint for Exoneration from and/or Limitation of liability state conclusions of law which are jurisdictional and, therefore, require no response from Claimant. However, insofar as a response may be deemed required by Claimant, the allegations are denied.

**III.**

## GENERAL DEFENSES AND ANSWER TO COMPLAINT OF PETITIONER LADON SHIPPING PTE. LTD

COMES NOW Claimant and answers the complaint Petitioner which seek exoneration from or limitation of liability:

1. In answering Petitioner's complaint for exoneration from or limitation of liability, Claimant would show that Petitioner is not entitled to exoneration from liability. The death of Mr. Aquarius Lowman (Deceased) was proximately caused by the negligence, carelessness and fault of Petitioner, as owner and/or operator of an unseaworthy vessel.
2. In further answer, Claimant would show that Petitioner is not entitled to limitation of liability for the reason that said acts of negligence and conditions of unseaworthiness which caused the injury and death of Mr. Aquarius Lowman (Deceased) were within the privity and knowledge of Petitioner.
3. Without waiving claim that Petitioner is not entitled to an exoneration from or limitation of liability, Claimant reserves his right to demand a trial by jury in the forum of his choice, as provided by the Constitutions and laws of the United States of America and the State of Texas.
4. Without waiving claim that Petitioner is not entitled to an exoneration from or limitation of liability, Claimant contends, under rule F(7) of the Supplemental Rules for Certain Admiralty and Maritime Claims under the Federal Rules of Civil Procedure, that Petitioner has posted insufficient security. Claimant demands that the amount of security referred to in Petitioner's Motion be increased on the grounds that it is less than Petitioner's interest in the vessels (including the vessels in the flotilla, the contract(s) under which they were working, and the pending freight) or on the grounds that it is insufficient to carry out the provisions of the statutes relating to claims in respect of loss of life or bodily injury. 46 U.S.C. § 183(b)-(f).

### *General Denial of Allegations of Petitioner Ladon Shipping PTE. Ltd.*

COMES NOW Claimant answers the complaints of Petitioner, which seek exoneration from or limitation of liability:

5. Claimant generally denies each and every allegation set forth in Petitioner's original complaint seeking exoneration from or limitation of liability, and demands strict proof thereof.

***Specific Denial of Allegations of Petitioner Ladon Shipping PTE. Ltd.***

AND NOW Claimant specifically answers the complaint of Petitioner, which seeks exoneration from or limitation of liability:

6. The allegations contained in Paragraph 1 of the Complaint for Exoneration from and/or Limitation of liability state conclusions of law which are jurisdictional in nature and, therefore, require no response from Claimant. However, insofar as a response may be deemed required by Claimant, the allegations are denied for a lack of sufficient information to justify a reasonable relief therein.
7. The allegations contained in Paragraph 2 of the Complaint for Exoneration from and/or Limitation of liability state conclusions which are jurisdictional in nature and, therefore, require no response from Claimant. However, insofar as a response may be deemed required by Claimant, the allegations are denied for a lack of sufficient information to justify a reasonable relief therein.
8. The allegations contained in Paragraph 3 of the Complaint for Exoneration from and/or Limitation of liability state conclusions which are jurisdictional in nature and, therefore, require no response from Claimant. However, insofar as a response may be deemed

required by Claimant, the allegations are denied for a lack of sufficient information to justify a reasonable relief therein.

9. The allegations of Paragraph 4 of the Complaint are denied for lack of knowledge and information sufficient to justify a belief as to the truth of the matters asserted therein.

10. Claimant denies the allegations of Paragraph 5.

11. The allegations contained in Paragraph 6 of the Complaint are admitted to the extent necessary to admit that various lawsuits and/or claims have been filed with regard to what Petitioner describes is the "Incident" and that Aquarius Lowman died as a result of the collision; otherwise, the allegations are denied for lack of knowledge and information sufficient to justify a belief as to the truth of the matters asserted therein.

12. Claimant admits the allegations in Paragraph 7 that Petitioner filed this case within 6 months. Claimant denies that this action is otherwise proper and denies that Petition is entitled to limitation of liability.

13. Claimant denies the allegations of Paragraph 8.

14. Claimant denies the allegations of Paragraph 9.

15. Claimant admits the allegations in Paragraph 10 in that Aquarius Lowman died as a result of the Incident and other crewmembers were also aboard the MV Miss Peggy. Otherwise, the allegations are denied for lack of knowledge and information sufficient to justify a belief as to the truth of the matters asserted therein.

16. The allegations contained in Paragraph 11 of the Complaint are admitted to the extent necessary to admit that various lawsuits and/or claims have been filed with regard to what Petition describes is the "Incident"; otherwise, the allegations are denied for lack of

knowledge and information sufficient to justify a belief as to the truth of the matters asserted therein.

17. Claimant admits that allegation in Paragraph 12 that other crewmembers may file claims. Otherwise, the allegations are denied for lack of knowledge and information sufficient to justify a belief as to the truth of the matters asserted therein.

18. Claimant denies the allegations in Paragraph 13 and asserts that the amount of security be increased on the grounds that it is less than Petitioner's interest in the vessels (including the vessels in the flotilla, the contract(s) under which they were working, and the pending freight) or on the grounds that it is insufficient to carry out the provisions of the statutes relating to claims in respect of loss of life or bodily injury. 46 U.S.C. § 183(b)-(f). In addition, Claimant asserts that Petition is not entitled to limitation of liability.

19. Claimant denies the allegations in Paragraph 14 and asserts that the amount of security be increased on the grounds that it is less than Petitioner's interest in the vessels (including the vessels in the flotilla, the contract(s) under which they were working, and the pending freight) or on the grounds that it is insufficient to carry out the provisions of the statutes relating to claims in respect of loss of life or bodily injury. 46 U.S.C. § 183(b)-(f). In addition, Claimant asserts that Petition is not entitled to limitation of liability.

20. Claimant denies the allegations in Paragraph 15 and asserts that the amount of security be increased on the grounds that it is less than Petitioner's interest in the vessels (including the vessels in the flotilla, the contract(s) under which they were working, and the pending freight) or on the grounds that it is insufficient to carry out the provisions of the statutes relating to claims in respect of loss of life or bodily injury. 46 U.S.C. § 183(b)-(f). In addition, Claimant asserts that Petition is not entitled to limitation of liability.

21. Claimant denies the allegations in paragraph 16.

22. Claimant denies the allegations in paragraph 17.

23. The allegations contained in Paragraph 18 of the Complaint for Exoneration from and/or Limitation of liability state conclusions which are jurisdictional in nature and, therefore, require no response from Claimant. However, insofar as a response may be deemed required by Claimant, the allegations are denied for a lack of sufficient information to justify a reasonable relief therein.

WHEREFORE, PREMISES CONSIDERED, Claimant prays that Petitioners-in-Limitation's complaint seeking exoneration from or limitation of liability be dismissed and for such other and further relief to which Claimant may be entitled.

Respectfully submitted,
**DOYLE DENNIS AVERY LLP**

_______________________________
MICHAEL PATRICK DOYLE
Texas Bar No. 06095650
PATRICK M. DENNIS
Texas Bar No. 24045777
JEFFREY AVERY
Texas Bar No. 24085185
C. PATRICK DOYLE
Texas Bar No. 24116301
3401 Allen Parkway, Suite 100
Houston, Texas 77019
Email: service@doylelawfirm.com
Phone: 713.571.1146
Fax: 713.571.1148

***Attorneys for Claimant Karribian Scott, as Personal Representative of the Estate of Aquarius Scott***

## CERTIFICATE OF SERVICE

I do hereby certify that on December 12, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.

/s/Patrick M. Dennis
Patrick M. Dennis