United States District Court
Southern District of Texas
**ENTERED**
September 08, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HOUSTON FLEETING SERVICES LLC, | § § § | CIVIL ACTION NO 4:24-cv-02705 |
| Plaintiff, | § § § | |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| M/V YANGZE, HER ENGINES, TACKLE, APPAREL, BUNKERS, ETC, IN REM, *et al* | § § § § § | |
| Defendants. | § | |

ORDER ADOPTING
MEMORANDA AND RECOMMENDATIONS

This case arises from a collision between two vessels in the Houston Ship Channel on July 19, 2024, being the M/V Yangze 7 and the M/V Miss Peggy. Dkt 1 at 3. Plaintiff Houston Fleeting Services LLC is the owner of the Miss Peggy. The Yangze 7 is owned and/or operated by Defendant Ladon Shipping Pte Ltd.

Houston Fleeting brought this action, asserting claims against Defendants M/V Yangze 7 *in rem*, Ladon Shipping, Yangzijiang Shipping Pte Ltd, and Shanghai Run Yuan Shipping Management Co, Ltd, for negligence and failure to exercise due diligence, and seeks contribution and indemnity regarding damages, injuries, and maintenance costs. Id at ¶¶5–23.

The collision claimed the life of Aquarius Lowman, a seaman aboard the Miss Peggy. Claimant Karribian Scott is the personal representative of his estate. She asserts claims against Houston Fleeting for Jones Act negligence and unseaworthiness, as well as claims against Ladon

Shipping for negligence and gross negligence. Dkts 55 & 56. She also asserts defenses and answers to the attempt by Houston Fleeting and Ladon Shipping to limit their liability. Id at 9–19.

In addition to her claim against Houston Fleeting, Scott also brought Jones Act, general maritime law and Texas Wrongful Death Act claims against Houston Fleeting as next of friend for AL and KL, who are children of Lowman and heirs of the estate. Dkt 7 in consolidated case 4:24-cv-2855. Separately, as Lowman's biological mother, Tracey Lowman brought claims for unseaworthiness and general maritime law wrongful death damages against Houston Fleeting. Dkt 59. Lastly, Tierney Love brought claims on behalf of her minor daughter, ML, who is also a daughter of the decedent. She asserts claims for personal injury, wrongful death, and exemplary damages under the Jones Act against Houston Fleeting. Dkt 65 at 2.

Elsewhere, Claimants Richard Ancar and Mark Doyle (who were employees of Houston Fleeting and were aboard the Miss Peggy during the accident) also filed actions bringing claims against Houston Fleeting for Jones Act negligence, unseaworthiness, and maintenance and cure. Dkts 57 at 10 & 61 at 10.

The matter was referred for disposition to Magistrate Judge Dena Palermo. Dkt 16.

Houston Fleeting moved to dismiss the claims of M.L. (Dkt 80), Tracey Lowman (Dkt 81), Karribian Scott as representative of Lowman's estate (Dkt 82), and Karribian Scott as next friend of A.L. and K.L. (Dkt 84). It also filed motions to dismiss the punitive damages claims of Ancar (Dkt 75) and Doyle (Dkt 77), but not as to its alleged failure to pay maintenance and cure. And as to petitioners, both Houston Fleeting and Ladon Shipping filed *ex parte* motions for entry of default as to any and all persons or entities that had yet to file claims related to the collision. Dkts 86 & 96.

Pending are three Memoranda and Recommendations by Judge Palermo, recommending as follows:

- *As to the claims of Ancar and Doyle,* granting the motion and dismissing with prejudice their claims under the Jones Act and general maritime unseaworthiness (but not as to maintenance and cure). Dkt 98, as to Dkts 75 & 77.
- *As to the claims of Karribian Scott,* granting the motion and dismissing with prejudice her claims as personal representative of Lowman's estate, to the extent that she seeks to recover lost future earnings or loss of support. Dkt 109, as to Dkt 82.
- *As to the ex parte requests for entry of default,* granting the motions and entering an order that forever bars all other persons other than the named claimants from asserting claims as against these Defendants for the subject collision. Dkt 110, as to Dkts 86 & 96.

As to the other claims, it is noted that Judge Palermo elsewhere entered an order denying as moot the three other motions to dismiss by Houston Fleeting because Tierney Love, Tracey Lowman, and Karribian Scott filed notices of voluntary dismissal under Rule 41(a)(1)(A)(i). Dkt 100, as to Dkts 80, 81 & 84.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

Only claimant Karribian Scott filed an objection. See Dkt 111, as to Dkt 109. She there also referenced a concurrent motion for leave to amend her original complaint to properly and specifically request the available damages for loss of support. Id at 3. That motion has already been granted by Judge Palermo, and Scott has filed an amended complaint. See Dkts 112, 113 & 114.

The objection is thus moot. No clear error otherwise appears upon review and consideration of the Memoranda and Recommendations, the record, and the applicable law.

The Memoranda and Recommendations of the Magistrate Judge are ADOPTED as the Memorandum and Order of this Court. Dkts 98, 109 & 110.

The motions by Plaintiff Houston Fleeting Services to dismiss are GRANTED. Dkts 75, 77 & 82.

As such, the claims by Ancar and Doyle are DISMISSED WITH PREJUDICE, except as to the alleged failure of Houston Fleeting to pay maintenance and cure.

And further as such, the claims by Karribian Scott, as personal representative of Lowman's estate, are DISMISSED WITH PREJUDICE to the extent she seeks lost future earnings or loss of support.

The *ex parte* motions for entry of default are GRANTED. Dkts 86 & 96.

As such, it is ORDERED that all persons, other than Claimants (1) Richard Ancar, Dkt 58; (2) Tracey Lowman, Dkt 60; (3) Mark Doyle, Dkt 62; (4) Houston Fleeting Services, LLC, Dkt 67; (5) Karribian Scott, as personal representative of the Estate of Aquarius Lowman, Dkt 56; (6) ML, Dkt 65; and (7) Ladon Shipping Pte Ltd, Dkt 64, are FOREVER BARRED AND FORECLOSED from asserting claims against Petitioners, Houston Fleeting Services and Ladon Shipping, in connection with any claims that have been or could be asserted as a result of any claimed losses, damages, deaths, injuries, or destruction that allegedly occurred during the operation of the M/V Miss Peggy and the M/V Yangze 7 on or about July 19, 2024 in the Houston Ship Channel.

SO ORDERED.

Signed on September 8, 2025, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge