**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: THE COMPLAINT AND PETITION OF HOUSTON FLEETING SERVICES LLC, AS OWNER OF THE VESSEL, M/V MISS PEGGY, ITS ENGINE, TACKLES, ETC., IN THE CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **IN ADMIRALTY**<br><br><br>**Case No. 4:24-cv-2705 c/w Case No. 4:24-cv-2739; Case No. 4:24-cv-2759; and Case No. 4:24-cv-2855** |

**CLAIMANT KARRIBIAN SCOTT'S (AS PERSONAL REPRESENTATIVE OF THE ESTATE OF AQUARIUS LOWMAN) EMERGENCY MOTION FOR CLARIFICATION OR REFORMATION OF STAY ORDERS**

Claimant Karribian Scott, as personal representative of the Estate of Aquarius Lowman ("Claimant"), files this Emergency Motion for Clarification or Reformation of Stay Orders. Claimant respectfully requests that the Court clarify or reform: (1) the stay order issued on August 15, 2024 in *In the Matter of the Complaint of Houston Fleeting Services LLC as owner and operator of the M/V MISS PEGGY* [. . .]*, Petitioning for Exoneration from and/or Limitation of Liability*, Civil Action No. 4:24-cv-02855 (now consolidated with this action); and (2) the stay order issued on July 29, 2024 in *In re the Complaint and Petition of Ladon Shipping as Owner of the Vessel Yangze 7* [. . .], *in a Cause of Exoneration From or Limitation of Liability*, Civil Action No. 4:24-cv-02759 (now consolidated with this action) to confirm that the orders does not limit any claimant

1

from pursuing an action in any forum against the masters of the M/V YANGZE 7 or M/V MISS PEGGY outside of these limitation of liability proceedings.

This modification of the stay order to permit a separate action against the individual vessel masters is specifically permitted by *Zapata Haynie Corp. v. Arthur*, 926 F.2d 484, 486 (5th Cir. 1991) and *In re Ingram Barge Co.*, 1998 U.S. App. LEXIS 39127, at *1 (5th Cir. Dec. 30, 1998) (per curiam and unpublished). These holdings were then confirmed by the amendment of the Limitation of Liability Act, which as of 2022 states that "[t]his chapter does not affect the liability of an individual as a master, officer, or seaman, even though the individual is also an owner of the vessel." 46 U.S.C. § 30512.

For these reasons, Claimants ask the Court to clarify or modify the stay orders before July 16, 2026, which occasions a potential two-year Texas statute of limitations for certain claims against the vessel masters.

## Nature and Stage of Proceedings

1.      The consolidated lawsuits before this Court arise from a July 19, 2024 maritime vessel incident in which the M/V MISS PEGGY collided with another vessel, the M/V YANGZE 7, in the Houston Ship Channel. Mr. Aquarius Lowman, who was working as a crewmember on the M/V MISS PEGGY, died in that collision.

2.      On December 12, 2024, Claimant Karribian Scott, as personal representative of the Estate of Aquarius Lowman, filed her Claim for Damages for Personal Injury and Answer to Petition for Exoneration from or Limitation of Liability of Houston Fleeting Services LLC and Ladon Shipping PTE. LTD [ECF No. 55]. Claimant asserts claims under

2

the general maritime law and Jones Act against Houston Fleeting Services LLC and Ladon

Shipping PTE. LTD's due to their negligence and the unseaworthiness of their vessels.

3.      The parties are currently scheduled for a status conference with Judge

Palermo on June 11, 2026, and are scheduled for a docket call on August 17, 2026.

### Statement of Relevant Facts

4.      Following the underlying collision incident in July 2024, many of those

involved—including the owners and some crew of the vessels M/V YANGZE 7 and M/V

MISS PEGGY—quickly pursued actions in state court and federal court concerning

liability. The owners of the vessels M/V YANGZE 7 and M/V MISS PEGGY separately

filed actions in this District seeking to claim the benefit of Exoneration from or Limitation

of Liability, as provided for in the Act of Congress entitled, "An Act to Limit the Liability

of Shipowner and for Other Purposes" passed March 3, 1851, now embodied in Section

30501, *et seq.*, of the Revised Statutes of the United States (46 U.S.C. §§ 30501 to 30512).

The owners of the M/V YANGZE 7 filed their limitation of liability action in cause

no. 4:24-cv-2759. The owners of the M/V MISS PEGGY filed their limitation of liability

action in cause no. 4:24-cv-02855.

5.      Each of the limitation actions filed in this District concerning the incident

has since been consolidated into the above-captioned proceeding by order of Judge

Palermo on August 1, 2024.

6.      On July 29, 2024, Judge Bennett issued in the now-consolidated limitation

proceeding 4:24-cv-02759 for the M/V YANGZE 7's owners a stay Order Directing

Claimants to File and Make Proof of Claims, Directing the Issuance of Monition, and Restraining Prosecution of Claims. [ECF No. 12 in 4:24-cv-02759]:

> ORDERED, that the beginning or continued prosecution of any and all suits, actions or legal proceedings of any nature of description whatsoever, except in the present proceeding, in respect of any claim arising out of, consequent upon, or in connection with the aforesaid voyage of the M/V YANGZE 7, which commenced on or about 1000 hours LT on July 19, 2024, and terminated on the same day at Kinder Morgan Bulk Terminal, be, and they are hereby stayed, and restrained until the hearing and termination of this proceeding; and it is further,
>
> ORDERED, that service of this Order as a Restraining Order may be made within this District in the usual manner and in any other District by the United States Marshal for such District by delivering a certified copy of this Order to the person or persons to be restrained or to that person or persons' respective attorneys.
>
> ENTERED at Houston, Texas this _____ day of __7/29/24__, 2024.
>
> _____
> UNITED STATES DISTRICT JUDGE

7.      Separately, on August 15, 2024, Magistrate Judge Bryan issued an order requested by the owners of the M/V MISS PEGGY stating that "Issuance of Monition to Claimants is approved and Claimants are restrained from prosecuting claims except in accordance with the Monition. The Clerk is directed the issue the Monition and Notice in the form attached to the Motion. ECF 2-1" [ECF No. 12 in 4:24-cv-02855]. According to the terms of the incorporated Monition referenced in the order, potential claimants affected by the collision incident were directed to submit their claims against the owners of M/V MISS PEGGY in the limitation proceedings only.

8.      The M/V MISS PEGGY is owned and operated by Houston Fleeting Services LLC. Its master at the time of the underlying collision was Captain Mark Doyle.

9.      The M/V YANGZE 7 is owned and operated by Ladon Shipping Pte. Ltd. Its master at the time of the underlying collision was Captain Tao Liu.

10.     Claimant Karribian Scott, as personal representative of the Estate of Aquarius Lowman, and on behalf of Aquarius Lowman's minor children, intends to file suit in Harris County, Texas against Captain Mark Doyle and Captain Tao Liu. That suit will assert claims under the general maritime law; the Texas Wrongful Death Act, Tex. Civ. Prac. & Rem. Code § 71.001 et seq.; Texas's survival statute, Tex. Civ. Prac. & Rem. Code § 71.021; and, to the extent necessary, the laws of Texas.

11.     Sunday, July 19, 2026 marks two years since the underlying collision incident. Claimant Karribian Scott intends to file this anticipated action against Captain Mark Doyle and Captain Tao Liu before any potentially applicable two-year statutes of limitations under Texas law.

### Statement of Relevant Issues Requiring Resolution

12.     The Fifth Circuit confirmed in *Zapata Haynie Corp. v. Arthur*, 926 F.2d 484, 486 (5th Cir. 1991) that the Limitation of Shipowners' Liability Act (the "Limitation Act") provides for stays of litigation against shipowners, but not masters. The Fifth Circuit reaffirmed this in *In re Ingram Barge Co.*, 1998 U.S. App. LEXIS 39127, at *1 (5th Cir. Dec. 30, 1998) (per curiam and unpublished).

13.     Because any stay of proceedings concerning the July 19, 2024 collision of the M/V YANGZE 7 and the M/V MISS PEGGY should be limited to only actions against the vessel owners and their property according to the Limitation Act, Claimant seeks

clarification or reformation of any stay orders previously entered to confirm that filing an action against the masters of the vessel is not enjoined by any prior stay order.

### Statement of Relevant Authority

**I.    The Fifth Circuit has directly confirmed that no stay should be issued concerning actions against vessel masters in this type of proceeding.**

14.    The Limitation Act limits the liability of a shipowner to the value of the vessel at fault and her pending freight if the casualty occurred without the privity or knowledge of the shipowner. *Texaco, Inc. v. Williams*, 47 F.3d 765, 767 (5th Cir. 1995). Relevant here, "when an action has been brought under [the Limitation Act]" and the owner has complied with other defined procedural requirements, "all claims and proceedings against the owner related to the matter in question shall cease." *Id.* at § 30511(c). The scope of this right, however, is subject to several limitations.

15.    First is the saving to suitors clause, which tempers the Limitation Act's restrictions. *Magnolia Marine Transport Co., Inc v. LaPlace Towing Corp.*, 964 F.2d 1571, 1575 (5th Cir. 1992). More important here, the Anti-Injunction Act forbids a federal court from granting an injunction to stay proceedings in a state court with three exceptions: (1) as previously authorized by Act of Congress; (2) where necessary in aid of its jurisdiction; or (3) to protect or effectuate its judgment. 28 U.S.C. § 2283. In general, courts must narrowly construe these exceptions. *See, e.g., Atl. Coast Line R. Co. v. Bhd. of Locomotive Engineers*, 398 U.S. 281, 287 (1970). ("[S]ince the statutory prohibition against such injunctions in part rests on the fundamental constitutional independence of the States and their courts, the exceptions should not be enlarged by loose statutory construction.") Furthermore, all doubts are to be resolved in favor of allowing the state court action to

proceed. *Texas Employers' Ins. Ass'n v. Jackson*, 862 F.2d 491, 499 (5th Cir. 1988) (en banc).

16.     Due to the narrow scope of the injunction powers defined in the Limitation Act, the Fifth Circuit explained in *Zapata Haynie Corp. v. Arthur*, 926 F.2d 484, 486 (5th Cir. 1991) that the Limitation Act does not concern or limit suits in any forum against vessel masters:

> The [Limitation Act] provides for stays of litigation against ship *owners*, not masters; therefore, we find that a stay of litigation against the master is not within the scope of the Act. Supplemental Rules for Certain Admiralty and Maritime Claims, Rule F also states that it permits enjoining proceedings against the *owner*, and makes no reference to enjoining proceedings against any other parties. Furthermore, section 187 plainly states that the provisions of the Act pertaining to stays of proceedings against the owner (§§ 182, 183, 184, 185 and 186) are not to be construed to affect the remedy to which any party may be entitled against the master. The various provisions of the Act are not ambiguous, nor are they in conflict with one another: the Act requires stays of proceedings against ship owners; it does not permit stays of proceedings against masters.

17.     This principle of the inapplicability of the Limitation Act and its stay powers to actions brought against vessel masters was reiterated in *In re Ingram Barge Co.*, No. 97-31194, 1998 U.S. App. LEXIS 39127, at *1 (5th Cir. Dec. 30, 1998) (per curiam and unpublished). Further, the Limitation of Liability Act was amended in 2022 to explicitly state that "[t]his chapter does not affect the liability of an individual as a master, officer, or seaman, even though the individual is also an owner of the vessel." 46 U.S.C. § 30512.

## Argument

18.     There is directly on-point authority from the Fifth Circuit that confirms that no stay order issued in a Limitation Act proceeding should prevent a potential claimant

from pursuing a claim in any forum against the vessel master. Here, Claimant desires to pursue claims directly against the vessel masters of the M/V YANGZE 7 and the M/V MISS PEGGY for their negligence in causing Mr. Lowman's death. Claimant desires to pursue these claims in state court, as provided for by the savings to suitors clause. Claimant intends to pursue these claims with a filing before July 19, 2026 to stay ahead of any potentially applicable Texas two-year statutes of limitations.

19.     Claimant submits this emergency motion before that deadline because the existing stay orders issued in these limitation proceedings contain language that appears to go beyond the Limitation Act and would enjoin Claimant from pursuing the claims against the vessel masters in state court. If the stay orders are worded in this broad manner, they are not consistent with the Limitation Act and are in violation of the Anti-Injunction Act, so they should be clarified or reformed to confirm that they only limit actions against the vessel owners and their property.

## Conclusion

20.     Claimant respectfully requests that the Court enter an order clarifying that the July 29, 2024 stay order [ECF No. 12 in 4:24-cv-02759] and the August 15, 2024 stay order [ECF No. 12 in 4:24-cv-02855] do not apply to claims brought against the masters of the vessels M/V YANGZE 7 or M/V MISS PEGGY, and if necessary reforming the stay orders to confirm as much.

**Respectfully submitted,**

By: */s/ Michael Doyle*
Michael Patrick Doyle
Texas State Bar No. 06095650

8

Patrick M. Dennis
Texas State Bar No. 24045777
Jeffrey Avery
Texas State Bar No. 24085185
C. Patrick Doyle
Texas State Bar No. 24116301
DOYLE DENNIS AVERY LLP
3401 Allen Parkway, Suite 100
Houston, Texas 77019
Telephone: (713) 571-1146
Fax: (713) 571-1148
service@doylelawfirm.com

***Counsel for Karribian Scott as personal
representative of the Estate of Aquarius
Lowman***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon all counsel of record by electronic mail and/or by the CM/ECF system this June 8, 2026.

*/s/ C. Patrick Doyle*

9