# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION



| | | |
|---|---|---|
| **HOUSTON FLEETING SERVICES LLC** | § § § | |
| **VERSUS** | § § § | **IN ADMIRALTY** |
| | § § | |
| **M/V YANGZE 7, her engines, tackle, apparel, bunkers, etc., in rem; Ladon Shipping Pte. Ltd.; Yangzijiang Shipping Pte. Ltd.; Shanghai Run Yuan Shipping Management Co., Ltd.** | § § § § § § § § | **Case No. 4:24-cv-2705 c/w Case No. 4:24-cv-2739; Case No. 4:24-cv-2759; and Case No. 4:24-cv-2855** |

## HOUSTON FLEETING SERVICES LLC'S OBJECTIONS TO KARRIBIAN SCOTT AND LADON SHIPPING PTE. LTD'S WITNESS LISTS

Petitioner Houston Fleeting Services LLC ("HFS") respectfully offers the following Objections to The Trial Witness Lists of Petitioner Ladon Shipping Pte. Ltd. ("Ladon") (Dkt. 184-6), and of Claimant Karribian Scott's, as personal representative of the Estate of Aquarius Lowman, Witness List (the "Estate") (Dkt. 184-7), and moves to exclude certain witnesses from testifying at trial. Specifically, HFS objects to Ladon's designation of Captain Liu Tao, Guo Yunlong, and Yang Yuxan providing live testimony—rather than their previously obtained testimony being admitted by deposition—and to Ladon and the Estate's designation of Ladon's corporate representative.

#6987044v2

## I. ARGUMENT

**A.      The Live Testimony of the YANGZE 7's Crew Should Be Excluded**

Within days of the Incident, HFS undertook a fact-finding mission and seized upon the clearly limited opportunity to depose the crew of the YANGZE 7, prior to the vessel and crew departing U.S. waters. *See* Dkt. 13.   Specifically, HFS moved to depose:   (1) Captain Liu Tao; Second Officer Zhilai Ma;[1] Boatswain Guo Yunlong; and Able Seaman Yang Yuxan.  HFS's motion was granted (Dkt. 17), and the depositions were taken on August 5–7 2024.  All four crew members that were deposed pervasively invoked their Fifth Amendment privilege and refused to answer.

To prevent prejudicial testimony at trial, HFS requests that the Court preclude Captain Liu Tao, Guo Yunlong, and Yang Yuxan (the "YANGZE 7's crew") from offering live testimony at trial.  The repeated invocation of the Fifth Amendment by the YANGZE 7's crew prevented HFS from discovering critical information and being able to understand the core issues that contributed to the YANGZE 7 colliding into the MISS PEGGY.  Allowing the YANGZE 7's crew to testify would unfairly prejudice HFS (and the other claimants) and would allow Ladon to unfairly benefit from obstructing and avoiding the discovery process.   Instead, only the prior

---

[1] Second Officer Zhilia Ma was deposed and uniformly invoked his Fifth Amendment privilege, but is not listed on Ladon's witness list.

deposition testimony of the YAGNZE 7 crew should be admitted at trial, rather than their live—and prejudicial—testimony.

"The invocation of the Fifth Amendment poses substantial problems for an adverse party who is deprived of a source of information that might conceivably be determinative in a search for the truth." *See United States v. 4003-4005 5th Ave.*, 55 F.3d 78, 82 (2nd Cir. 1995) (citing *SEC v. Graystone Nash, Inc.*, 25 F.3d 187, 190 (3rd Cir. 1994)).  A litigant may not invoke the Fifth Amendment "as a shield to oppose depositions," only to discard the privilege at a later date to surprise an opponent with new testimony.  *In re Edmond*, 934 F.2d 1304, 1308 (4th Cir. 1991) (the trial court properly struck the affidavit of a witness who previously invoked the Fifth Amendment).  Such use of the Fifth Amendment prevents the opposing party from obtaining relevant evidence and preparing its case for trial.  *See United States v. Certain Real Prop. & Premises Known as 4003-4005 5th Ave., Brooklyn, N.Y.*, 55 F.3d 78, 82 (2d Cir. 1995) (citing *SEC Graystone Nash, Inc.*, 25 F.3d 187, 190 (3rd Cir. 1994)).

Courts routinely preclude witnesses from testifying at trial that have previously invoked the Fifth Amendment at depositions and throughout the discovery process.  *See, e.g.*, *In re Edmond*, 934 F.2d at 1308; *Nationwide Life Inc. Co. v. Richards*, 541 F.3d 903, 915 (9th Cir. 2008); *Harris v. City of Chicago*, 266 F.3d 750, 754 (7th Cir. 2001); *Gutierrez-Rodriguez v. Cartagena*, 882 F.2d 553,

567–77 (1st Cir. 1989); *S.E.C. v. Benson*, No. 84-CIV2262, 1985 WA 1308, at *2 (S.D.N.Y. Apr. 9, 1985).  For this Court to hold otherwise, it would "reduce the trial to a game of blindman's buff and less of a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *S.E.C. v. Cymaticolor Corp.*, 106 F.R.D. 545, 549 (S.D.N.Y. 1985) (cleaned up).

Additionally, it is assumed that if a party has evidence that would favor its position, that party would present the favorable evidence.  *See Chesapeake Operating, Inc. v. Whitehead*, Civil Action No. C-10-301,  2011 WL 4372486, at *7 (S.D. Tex. Sept. 19, 2011); *see also Parker v. State Farm Mutual Ins. Co.*, Civil Action No. 3:23-cv-00139, 2024 WL 1855426, at *1 (S.D. Tex. April 29, 2024).  By invoking the Fifth Amendment privilege, it is assumed that evidence favorable to the defense of the party does not exist.  *Id.*  Since HFS was prevented from conducting discovery and is unduly disadvantaged, the adverse inference is equitable.  *Serafino v. Hasbro, Inc.*, 82 F.3d 515, 518 (1996).

A main issue to be determined in this case is whether Petitioner Ladon can prove it lacked privity or knowledge of the multiple negligent acts and unseaworthy conditions of the YANGZE 7 that caused or contributed to the collision with the MISS PEGGY.  When HFS questioned YAGNZE 7's crew members at deposition about the negligent acts, unseaworthy conditions, and Ladon's privity and knowledge, the YANGZE 7's crew uniformly invoked the Fifth Amendment and

refused to answer. The repeated invocations prevented HFS from discovering critical information necessary to assert their claims and defend the claims against it. Ladon should not be permitted to call the YANGZE 7's crew to testify at trial. For the Court to decide otherwise would allow Ladon to wage a "trial by ambush," the precise tactic the federal rules are designed to prevent. *Tucker v. Ohtsu Tire & Rubber Co., Ltd.*, 49 F. Supp. 2d 456, 460 (D. Md. 1999).

**B. Ladon's Corporate Representative Was Not Previously Disclosed and Should be Excluded**

On its Trial Witness List, Ladon includes Corporate Representative and Designated Person Ashore Captain Liu Qinggong, and likewise, Karribian Scott lists Ladon's Corporate Representative as a witness, but generically. Ladon did not previously disclose Captain Liu Qinggong in any of its Rule 26 disclosures.

On March 26, 2025, Ladon served its initial disclosures to the parties, and as to Ladon and the YANGZE 7, the crew of the YANGZE 7 were the only listed individuals likely to have discoverable information. Ladon did not even list a "place holder" for an unnamed corporate representative on its disclosures. On January 16, 2026, Ladon served its Designation of Expert Witnesses and Expert Disclosures. Ladon's disclosure included two retained experts but no designation of non-retained experts, which could have included Captain Qinggong—but did not. Then, on February 16, 2026, Ladon served its rebuttal expert disclosures and again, only disclosed its two retained experts. The parties in the case informally agreed to extend

5

the discovery deadline to May 11, 2026.  That deadline has come and gone without any supplemental initial disclosures served by Ladon.  Therefore, there have been no additions to its Rule 26(a)(1)(A)(i) disclosures, and Captain Qinggong has not properly been disclosed.

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i), a party cannot present a witness at trial who was not identified in that party's initial disclosures, and therefore, the admission of Captain Qinggong's testimony would violate Federal Rule of Civil Procedure 37(c)(1).  Courts have held that a party must be disclosed with particularity and have established that an unnamed corporate representative is allowed only in narrow circumstances.  *See Everest Reinsurance Co. v. Cox*, 350 F.R.D. 541, 552 (N.D. Tex. 2025).  Rule 37 provides that a party who "without substantial justification fails to disclose information required by Rule 26(a) shall not, *unless such failure is harmless*, be permitted to use that information as evidence at trial.  Rule 37(c)(1); *U.S. v. $9,041,568.68*, 163 F.3d 238, 252 (5th Cir. 1998).  Ladon's failure to disclose Captain Qinggong is in no way harmless, and Captain Qinggong should be excluded from testifying at trial.

In evaluating a Rule 26 violation, courts in the Fifth Circuit "look to four factors:  (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Texas A&M*

*Research Foundation v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003); *Rios v. Tex. Christian Univ.*, 348 F.R.D. 606, 609–10 (N.D. Tex. 2025).

Despite the lack of prior disclosure, Ladon listed Captain Qinggong as a corporate representative on its trial witness list.  A significant burden that Ladon will face at trial is proving that it was without privity or knowledge of the negligent acts and unseaworthy conditions that led to the collision with the MISS PEGGY.  Presumably, Captain Qinggong is listed on Ladon's trial witness list so he can assist Ladon in carrying its burden of proof so that it may limit its liability.  Therefore, Captain Qinggong's testimony would be considered of high importance for the burden of proof that Ladon will carry at trial, yet Ladon never previously disclosed Captain Qinggong as an individual likely to have discoverable information in violation of Rule 26.

Due to the likely import of Captain Qinggon's testimony, HFS (and the other claimants) would be insurmountably prejudiced.  In the instance that Ladon timely, and in conformance with Rule 26, disclosed Captain Qinggong as a witness or individual likely to have discoverable information, HFS undoubtedly would have deposed Captain Qinggong to understand his personal knowledge of the case as well as his testimony as corporate representative of Ladon.  However, Ladon's disclosure of Captain Qinggong on its trial witness list—at the eleventh hour prior to docket

7

call for trial—prevents HFS from seeking rebuttal evidence and, therefore, is not in a position to challenge the testimony of Captain Qinggon.

This case is ready to be tried.  A continuance to acquiesce Ladon's late disclosure of a valuable witness would only benefit Ladon's violation of the Federal Rules of Civil Procedure and would violate the spirit of compliance and disclosure that is the essence of litigation in the federal courts.  HFS is without knowledge of why Ladon failed to timely disclose Captain Qinggong as a witness, but HFS can only assume it was not due to mismanagement or failure to conduct a prudent review of its disclosures prior to the close of discovery.

Captain Qinggong should be excluded as a witness, whether listed specifically by Ladon or generically by Karribian Scott.  To allow Captain Qinggong to testify would unfairly prejudice HFS and the other claimants and cause undue delay for a case that is ready to be tried.

## II. CONCLUSION

For the above stated reasons, Houston Fleeing Services LLC requests that the Court exclude the live testimony of Captain Liu Tao, Boatswain Guo Yunlong, and Able Seaman Yang Yuzan, as well as Ladon's corporate representative and designated person ashore, Captain Liu Qinggong, and Karribian Scott's designation of a witness as Ladon's corporate representative.

8

Respectfully submitted,

*/s/ David L. Reisman* (by permission)
David L. Reisman
Attorney in Charge
State Bar No.24039691
Federal ID No. 3591037
LISKOW & LEWIS
Hancock Whitney Center
701 Poydras Street, Suite 5000
New Orleans, LA 70139
Telephone: (504) 581-7979
Fax No. (504) 556-4108
E-mail: dreisman@liskow.com

**ATTORNEY FOR HOUSTON FLEETING SERVICES LLC**

**OF COUNSEL:**

**LISKOW & LEWIS**
Michael A. Golemi
State Bar No. 24047536
Fed. ID No. 559843
Jonas S. Patzwall
State Bar No. 24122915
Fed. ID No. 3712905
Elizabeth A. Strunk
State Bar No. 24139978
Fed. ID No. 3865286
1001 Fannin Street, Ste. 1800
Houston, TX 77002
Telephone: (713) 651-2900
Facsimile: (701) 651-2908
Email: magolemi@liskow.com
Email: jspatzwall@liskow.com
Email: eastrunk@liskow.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon all counsel of record by electronic mail and/or by the CM/ECF system this 17th day of July, 2026.

*/s/ Elizabeth A. Strunk*
Elizabeth A. Strunk

## CERTIFICATE OF CONFERENCE

Counsel for HFS certifies that they conferred by telephone on July 16, 2023, with counsel for Ladon Shipping Pte. Ltd. and for Karribian Soctt, as representative of Aquarius Lowman's Estate. While counsel for the parties conferred in good faith, they did not come to an agreement on the objections herein.

*/s/ Elizabeth A. Strunk*
Elizabeth A. Strunk

10