United States District Court
Southern District of Texas

**ENTERED**

July 31, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HOUSTON FLEETING SERVICES, LLC, | § § | CIVIL ACTION NUMBER 4:24-cv-02705 |
| Plaintiff, | § | |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| M/V YANGZE, HER | § | |
| ENGINES, TACKLE, | § | |
| APPAREL, BUNKERS, ETC, | § | |
| IN REM, *et al*, | § | |
| Defendants. | § | |

ORDER ADOPTING
REPORTS AND RECOMMENDATIONS

This case arises from a collision between the M/V Yangze 7 and the M/V Miss Peggy, which were two vessels in the Houston Ship Channel on July 19, 2024. Plaintiff Houston Fleeting Services, LLC, is the owner of the Miss Peggy. Defendant Ladon Shipping, Pte Ltd, is the owner and operator of the Yangze 7. See Dkt 1 at ¶¶5–10.

Houston Fleeting brought this action against the Yangze 7 *in rem*, Ladon, Yangzijiang Shipping, Pte Ltd, and Shanghai Run Yuan Shipping Management Co, for damage to the Miss Peggy and seeking contribution and indemnity regarding damages, injuries, and maintenance costs. Id at ¶¶17–23.

The collision claimed the life of Aquarius Lowman, a seaman aboard the Miss Peggy. Claimant Karribian Scott is the personal representative of his estate. She asserts claims against Houston Fleeting for Jones Act negligence and unseaworthiness, as well as claims against Ladon Shipping for negligence and gross negligence. Dkt 146 at

¶¶15–27. Scott also brought claims as next friend of AL and KL, who are children of Lowman and heirs of the estate, but those claims were voluntarily dismissed. See Dkt 129.

Tracey Lowman is Lowman's biological mother, who also brought claims against Houston Fleeting and Ladon. But these were also voluntarily dismissed. See Dkt 130.

Tierney Love also brought claims on behalf of her minor daughter, ML, who is a daughter of the decedent. She asserts claims for Jones Act negligence and unseaworthiness against Houston Fleeting and for negligence and gross negligence against Ladon Shipping. Dkt 65 at ¶¶13–26.

Richard Ancar and Mark Doyle were employees of Houston Fleeting aboard the Miss Peggy during the collision. They also filed claims against Houston Fleeting for Jones Act negligence, unseaworthiness, and maintenance and cure. Dkts 57 at 10–13 & 61 at 10–12.

The matter was referred for disposition to Magistrate Judge Dena Hanovice Palermo. Dkt 16.

Upon the recommendation of Judge Palermo, prior order (i) dismissed all claims by Ancar and Doyle other than for maintenance and cure against Houston Fleeting, and (ii) dismissed the claims by Scott to the extent that she seeks lost future earnings or loss of support. It was further ordered that all persons other than Ancar, Tracey Lowman, Doyle, Houston Fleeting, Scott, ML, and Ladon were barred from asserting claims against Houston Fleeting and Ladon relevant to the subject collision that could have been asserted in this action. See Dkt 143 at 4.

Judge Palermo entered a bifurcation order, finding that negligence, seaworthiness, privity, knowledge, and apportionment of fault would be determined in one limitation proceeding, and that damages would be determined in a separate proceeding in a court of the Claimants' choosing, if necessary after conclusion of the first proceeding. See Dkt 140 at 10.

Pending is a motion by Ladon for partial summary judgment. Dkt 156. It seeks dismissal of all claims against

it for punitive and non-pecuniary damages. Id at 19. Judge Palermo recommends that the motion be granted as to claims for non-pecuniary and punitive damages. Dkt 170 at 15. But she further recommends that the claims by Scott on behalf of Lowman's estate for physical pain and mental anguish, loss of past earnings, loss of support and services, and burial and funeral expenses should survive dismissal, along with the claims by Ancar and Doyle for mental anguish damages. Ibid.

Also pending is a motion by Houston Fleeting for summary judgment. Dkt 167. It seeks dismissal of the consolidated action by Ladon for limitation of liability related to the subject collision and requests that judgment be entered against Ladon. Id at 21. Judge Palermo recommends that the motion be denied based upon disputes of material fact and determination that the burden-shifting framework in maritime negligence actions articulated in *The Pennsylvania*, 86 US 125, 136 (1873), does not apply. Dkt 182 at 2, 22.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc*); see also FRCP 72(b) advisory committee note (1983).

*As to the first Report and Recommendation,* Scott and Love filed objections. Both assert that Judge Palermo erred in finding that Ladon's motion wasn't moot in light of the bifurcation order. They otherwise contend that Judge Palermo erred in her analysis of applicable Fifth Circuit and Supreme Court authority regarding the availability of non-pecuniary damages in Jones Act or general maritime suits against a non-employer. See Dkts 171 at 17–24 & 172 at 4–11. In response, Ladon maintains that suits by or on

3

behalf of a Jones Act seaman are limited to pecuniary losses under the same authority cited in the objections. See Dkt 173 at 3–9.

On *de novo* review and determination, the objections lack merit. Judge Palermo correctly determined that whether Claimants are entitled to punitive or non-pecuniary damages isn't a question of fact to be determined by a jury in any subsequent proceeding concerning the amount of damages to which Claimants are entitled. See Dkt 170 at 6. Rather, it is a question of law quite appropriate for resolution on summary judgment.

Judge Palermo also thoroughly examined Fifth Circuit and Supreme Court precedent concerning the availability of punitive and non-pecuniary damages in a suit under the Jones Act and general maritime law. See Dkt 170 at 9–12. In light of that authority, Judge Palermo correctly concluded that "the Fifth Circuit has now made it clear that under both the Jones Act and general maritime law, a seaman's damages against both employers and non-employers are limited to pecuniary losses." Id at 11–12, quoting *Wiltz v M-I LLC*, 2018 WL 620041, *2 (ED La); see also *McBride v Estis Well Service, LLC*, 768 F3d 382, 384 (5th Cir 2014) (holding that punitive damages may not be recovered by seamen or their survivors in suit predicated on Jones Act or general maritime law).

In light of this determination, Judge Palermo then appropriately examined the categories of damages asserted by Claimants and provided reasoned analysis supporting conclusions as to which claims ought, and ought not, survive dismissal. See id at 12–14. Nothing cited in the objections demonstrates that such conclusions were made in error. Indeed, the authorities cited in the Report and Recommendation, both objections, and the response support these conclusions.

The objections by Claimants Karribian Scott and Tierney Love to the Report and Recommendation of the Magistrate Judge are OVERRULED. Dkts 171 & 172.

4

*As to the second Report and Recommendation,* no party filed objections.

No clear error otherwise appears upon review and consideration of the Reports and Recommendations, the record, and applicable law.

The Reports and Recommendations of the Magistrate Judge are ADOPTED as the Memorandum and Order of this Court. Dkts 170 & 182.

The motion by Ladon Shipping, Pte Ltd, for partial summary judgment is GRANTED IN PART and DENIED IN PART. Dkt 156.

The motion is GRANTED as to the claims against it for non-pecuniary and punitive damages. Such claims are DISMISSED WITH PREJUDICE.

The motion is DENIED as to (i) the claims by Claimant Karribian Scott on behalf of the estate of Aquarius Lowman for damages for his physical pain and mental anguish, loss of past earnings, loss of support and services, and burial and funeral expenses, and (ii) the claims by Claimants Richard Ancar and Mark Doyle for their mental anguish damages.

The motion by Houston Fleeting Services, LLC, for summary judgment is DENIED. Dkt 167.

SO ORDERED.

Signed on July 30, 2026, at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge