**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **Houston Fleeting Services LLC** | § | |
| | § | |
| **v.** | § | **C.A. No. 4:24-cv-2705** |
| | § | **(lead case as consolidated with** |
| **M/V YANGZE 7, her engines, tackle,** | § | **4:24-cv-2855,** |
| **apparel, etc., *in rem*; Ladon Shipping** | § | **4:24-cv-2739, and** |
| **Pte. Ltd.; Yangzijiang Shipping Pte.** | § | **4:24-cv-2759)** |
| **Ltd.; and Shanghai Run Yuan Shipping** | § | **IN ADMIRALTY** |
| **Management Co., Ltd.** | § | |

## JOINT STATUS REPORT REGARDING CONTESTED ISSUES OF LAW

Petitioners Houston Fleeting Services LLC ("HFS") and Ladon Shipping Pte. Ltd. ("Ladon"), and Claimants Mark Doyle ("Doyle"), Karribian Scott, as Personal Representative of the Estate of Aquarius Lowman (the "Estate") (collectively, the "Parties"), file this Joint Status Report pursuant to the Court's Minute Entry and Order of August 17, 2026, which directed the Parties to confer as to whether any contested issue of law might be resolved by motion practice in advance of trial and to file a joint status report in that respect by September 8, 2026, and which further directed the Parties to make a supplemental filing to clarify Contested Issues of Law Nos. 26 and 27. Doc. 208 at 2. The Parties respectfully show as follows:

1. The Parties have conferred regarding the twenty-nine contested issues of law set out in Section 9 of the Joint Pretrial Order. Doc. 184 at 36–39. The Parties agree that certain issues present questions of law that may be resolved by motion practice in advance of trial. HFS, Ladon, and Doyle have not been able to agree on the scope of the issues to

be briefed, and they respectfully submit their respective proposals for the Court's determination.

2. The Parties agree on the following:

a) Contested Issue of Law No. 12 can be briefed in advance of trial:

> The availability, scope, and weight of an adverse inference in a civil bench trial drawn from a crewmember's invocation of the Fifth Amendment, including whether any such inference can supply proof of a vessel owner's privity or knowledge, should be briefed in advance of trial.

b) The Parties do not propose a briefing schedule and will brief the issues the Court identifies on whatever schedule the Court directs.

3. **HFS's position regarding other Contested Issues of Law.** HFS proposes briefing the general applicability of *The Pennsylvania* Rule and the burden shifting that would result from its application. HFS submits that a determination by the Court on the application of *The Pennsylvania* Rule would assist the Parties as its application is the threshold issue of several of the contested issues of law, specifically Numbers 11, 13, 14, 19, and 23. HFS further submits that this topic should be limited to its general application because the specific Contested Issues of Law referenced above present mixed questions of law and fact and would require expert testimony and the presentation of evidence to fully inform the Court.

4. **Ladon's position regarding other Contested Issues of Law.** Ladon proposes two topics in place of HFS's first topic:

a) The reach of the rule of *The Pennsylvania*. The Parties have agreed on the general rule that a vessel shown to have been in actual violation of a statutory or regulatory rule intended to prevent collisions bears the burden of proving that the violation not only did not, but could not have, contributed to the

casualty and that the rule allocates the burden of proof on causation without apportioning liability. Doc. 184 at 35 ¶ 8(i). Ladon submits that what remains in dispute is *which* of the alleged violations are violations of rules intended to prevent collisions, and that the question should be briefed as to (i) the alleged violations of 33 C.F.R. Parts 26, 83, and 161; (ii) the operating provisions of 46 C.F.R. Subchapter M, including 46 C.F.R. §§ 140.205(b) and 140.625(b); and (iii) 33 C.F.R. Part 96 and SOLAS Chapter IX, Regulation 3.1. These correspond to Contested Issues of Law Nos. 11, 14, and 23.

b) The construction of the Inland Navigation Rules governing an overtaking. Ladon submits that the Parties should separately brief whether the duties Rule 13 places on the overtaking vessel displace, or instead operate concurrently with, the independent duties of the overtaken vessel under Inland Rules 5, 7, 8(f), 9(b), 17, and 34, including the questions identified in Contested Issues of Law Nos. 13 and 21. Ladon submits that this question is antecedent to the first topic, because the rule of *The Pennsylvania* operates only upon the violation of a duty and does not establish what duties the Inland Rules impose, and that it can be resolved on the text of 33 C.F.R. Part 83 without resolving a disputed fact and without expert testimony.

5. **Claimant Mark Doyle's position**. Doyle joins in HFS's proposal. Doyle likewise submits that a determination by the Court on the application of The Pennsylvania Rule would assist the Parties, and that this topic and the adverse-inference topic are the issues best suited to resolution in advance of trial because they do not present mixed questions of law and fact and do not require expert testimony. Doyle submits that Ladon's second proposed topic is not suited to resolution in advance of trial because it does present mixed questions of law and fact.

6. The Parties respectfully request that the Court determine which contested issues of law should be briefed in advance of trial

7. The Court further directed the Parties to make a supplemental filing to clarify Contested Issues of Law Nos. 26 and 27. Doc. 208 at 2; see Doc. 184 at 39 ¶¶ 26–27. The

Parties respectfully submit the following clarified statements, which are intended to replace the corresponding paragraphs of Section 9 of the Joint Pretrial Order in their entirety:

No. 26. Whether MISS PEGGY's wheelhouse watch organization (i.e., a single watch stander without lookout support while transiting a VTS precautionary area) is an unseaworthy condition or a negligent practice of HFS, and whether MISS PEGGY was seaworthy in all respects material to the casualty, including her watch organization, crew training, the use or non-use of installed collision-avoidance equipment, and her stability and watertight integrity, including the condition and securing of her watertight doors.

No. 27. Whether a TSMS-compliant pre-voyage navigation assessment, voyage plan, or watch-change protocol was completed for the MISS PEGGY's casualty voyage during the HELM Connect outage of July 18–19, 2024, and whether HFS maintained any alternative compliance procedure.

8. Further to the Joint Status Report Regarding Mediation filed August 21, 2026, the Parties advise that a mediation before Mr. Louis Selig has been scheduled for October 8, 2026. The Parties will report to the Court on the outcome of that mediation within seven days after it concludes.

Dated September 8, 2026

Respectfully submitted,


*/s/ Elizabeth A. Strunk**
David L. Reisman
Elizabeth B. McIntosh
LISKOW & LEWIS
Hancock Whitney Center
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108
dreisman@liskow.com
ebmcintosh@liskow.com

and

*/s/ Kevin P. Walters**
Kevin P. Walters
Richard A. Branca
Eugene W. Barr
Dimitri P. Georgantas
Blake E. Bachtel
ROYSTON, RAYZOR, VICKERY & WILLIAMS, LLP
1415 Louisiana Street, Suite 4200
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945
kevin.walters@roystonlaw.com

Michael A. Golemi
Jonas S. Patzwall
Elizabeth A. Strunk
LISKOW & LEWIS
1001 Fannin Street, Ste. 1800
Houston, TX 77002
Telephone: (713) 651-2900
Facsimile: (713) 651-2908
magolemi@liskow.com
jspatzwall@liskow.com
eastrunk@liskow.com

***Attorneys for***
***Houston Fleeting Services LLC***

*<u>/s/ Ryan Vechan</u>**
Adam Davis
Ryan Vechan
ADAM DAVIS LAW FIRM
22398 Hwy 435
Abita Springs, LA 70420
Telephone: (504) 553-1435
Facsimile: (504) 553-1439
ad@adamdavislawfirm.com
ryan@adamdavislawfirm.com

***Attorneys for***
***Capt. Mark Doyle***

richard.branca@roystonlaw.com
eugene.barr@roystonlaw.com
dimitri.georgantas@roystonlaw.com
blake.bachtel@roystonlaw.com

***Attorneys for Petitioner***
***Ladon Shipping Pte. Ltd.***

*/s/ Patrick M. Dennis**
Michael Patrick Doyle
Patrick M. Dennis
Jeffrey Avery
DOYLE DENNIS AVERY LLP
3401 Allen Parkway, Suite 100
Houston, Texas 77019
Telephone: (713) 571-1146
Facsimile: (713) 571-1148
service@doylelawfirm.com

***Attorneys for Claimant Karribian Scott, as Next Friend of A.L. and K.L. and as Personal Representative of the Estate of Aquarius Lowman***

***signed with permission**

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of September, 2026, I served a true and correct copy of the foregoing Joint Status Report Regarding Contested Issues of Law, pursuant to Rule 5 of the Federal Rules of Civil Procedure and/or via the CM/ECF Filing System, which will automatically serve a notice of electronic filing, and/or by facsimile and/or by depositing the same in the United States Mail, postage prepaid and properly addressed to all known counsel of record.

*/s/ Kevin P. Walters*
Kevin P. Walters