**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **Houston Fleeting Services LLC** | § | |
| | § | |
| **v.** | § | **C.A. No. 4:24-cv-2705** |
| | § | **(lead case as consolidated with** |
| **M/V YANGZE 7, her engines, tackle,** | § | **4:24-cv-2855,** |
| **apparel, etc., *in rem*; Ladon Shipping** | § | **4:24-cv-2739, and** |
| **Pte. Ltd.; Yangzijiang Shipping Pte.** | § | **4:24-cv-2759)** |
| **Ltd.; and Shanghai Run Yuan Shipping** | § | **IN ADMIRALTY** |
| **Management Co., Ltd.** | § | |

**NON-PARTY CAPT. LIU TAO AND LADON SHIPPING PTE. LTD'S OPPOSED MOTION FOR AN ORDER (1) PERMITTING CAPT. LIU TAO TO WITHDRAW HIS ASSERTION OF THE FIFTH AMENDMENT PRIVILEGE, (2) GRANTING LADON LEAVE TO PRESENT CAPT. LIU TAO FOR A FURTHER DEPOSITION, AND (3) DIRECTING THAT THE DEPOSITION PROCEED BY REMOTE VIDEOCONFERENCE**

On behalf of and with the express authorization of Capt. Liu Tao, the Master of the YANGZE 7 on July 19, 2024, for the limited purpose of this motion only, Ladon Shipping Pte. Ltd. ("Ladon") seeks an order allowing Capt. Liu Tao to withdraw his previous assertions of the Fifth Amendment privilege and to reappear for deposition. Capt. Liu Tao is not a party to this proceeding and does not become one by the filing of this motion. The privilege belongs to Capt. Liu Tao alone, so only Capt. Liu Tao can withdraw it. *Couch v. United States*, 409 U.S. 322, 328 (1973). Ladon also seeks an order granting leave to allow Ladon to present Capt. Liu for a further deposition. Leave is required because Capt. Liu Tao has already been deposed and the parties have not stipulated a further deposition. Fed. R. Civ. P. 30(a)(2)(A)(ii). Capt. Liu Tao and Ladon ask that the further deposition be taken by remote videoconference.

However, the Court's prior orders already provide answers to the main questions this motion presents. By Order Re: Expedited Depositions signed on July 31, 2024, Judge Palermo considered terms proposed by both HFS and Ladon before directing that expedited depositions of the crew proceed between August 5–9, 2024, but that these expedited depositions of the crew would "not prejudice any party's right to seek a more complete deposition of any of the deponents later." Doc. 41 at 3; *see* Doc. 32 at 2 (HFS's Proposed Agreed Order) and Doc. 33 at 2 (Ladon's Proposed Order for Expedited Depositions).

Judge Palermo has since accepted as "reasonable under the circumstances" that the crew of the YANGZE 7 invoked the privilege "on advice of independent criminal counsel in light of the potential criminal investigation." Doc. 182 at 20–21, *adopted*, Doc. 202 at 5. Judge Eskridge has now advised the parties that he will set a date in the future, "in proximity to the trial setting," by which members of the YANGZE 7's crew "must either be produced for deposition or be barred from testimony at trial." Doc. 208 at 2. Ladon respectfully requests that the Court enter an Order allowing Capt. Liu Tao to withdraw his previous invocations of the Fifth Amendment privilege and authorizing Ladon to present Capt. Liu Tao for a further deposition.

As Capt. Liu Tao is a foreign national and an active seafarer, Ladon also seeks permission to present Capt Liu Tao by remote deposition.

## I.
## FACTUAL BACKGROUND

The Court is familiar with the background of the matter from the Joint Pre-Trial Order (Doc. 184) as well as from the presentation of argument at docket call on August 17,

2026. By way of quick summary, the collision between the YANGZE 7 and the MISS PEGGY occurred during the afternoon of Friday, July 19, 2024. HFS arrested the YANGZE 7 on Monday, July 22, and requested depositions of the crew. During the morning of July 22, counsel for YANGZE 7 advised counsel for HFS that the crew would be brought back to Houston in the future for deposition. Nevertheless, the next day, on Tuesday, July 23, HFS filed an Emergency Motion for Expedited Depositions of the M/V YANGZE Crew Members (Doc. 13) seeking the immediate testimony of the bridge team on the alleged basis that such testimony must be perpetuated "before these Chinese citizens depart the United States, potentially never to be seen or heard from again." Doc. 13 at 2. After Ladon filed a Response in Opposition, in which Ladon reiterated its willingness to bring the crew back for deposition at a later date, the Court held a hearing on July 26, after which it granted HFS's motion for expedited depositions and ordered the parties to submit an agreed order. Doc 30. At that hearing, and for the first time, HFS offered that it also sought the crew's depositions on an emergency basis because "the Coast Guard made it clear . . . that there is the possibility of a criminal referral in this matter." Doc. 39 at 12:10–13, 20:17–19, 21:1–7. Based on this representation to the Court by HFS, Ladon was forced to retain separate criminal counsel for each of the four crewmembers on watch before the Court-ordered depositions. Ladon's counsel asked the Coast Guard to confirm whether a referral was under consideration. The Coast Guard did not respond then and has not responded to subsequent inquiries. At his deposition on August 6, 2024, on the advice of his independent criminal counsel, Capt. Liu Tao answered only background questions and invoked his Fifth Amendment privilege in response to all other questions.

Now, more than two years later, no criminal charges have been filed against any member of the crew, including Capt. Liu Tao, and the Coast Guard has never confirmed that it made a referral. No United States official has contacted Capt. Liu Tao about any criminal matter arising out of the collision. **Exhibit 1** (Declaration of Liu Tao) ¶ 6. After conferring with his own criminal lawyer, Capt. Liu Tao has now advised Ladon that he is prepared to withdraw his previous invocations of the Fifth Amendment privilege and reappear at deposition to answer questions about the collision. *Id.* ¶¶ 8–9, 12.

## II.
## ISSUES REQUIRING RESOLUTION

1. Should Capt. Liu Tao be permitted to withdraw his invocations of the Fifth Amendment privilege?

2. Should Ladon be granted leave under Rule 30(a)(2)(A)(ii) to present Capt. Liu Tao for a further deposition, taken by remote videoconference under Rule 30(b)(4)?

## III.
## STANDARD OF REVIEW

The Court has discretion to allow a litigant to withdraw an assertion of the Fifth Amendment privilege. *See Evans v. City of Chicago*, 513 F.3d 735, 742 (7th Cir. 2008). "[A] party may withdraw its assertion of the Fifth Amendment privilege, even at a late stage in litigation, if circumstances indicate that (1) the litigant was not using the privilege in a tactical, abusive manner, and (2) the opposing party would not experience undue prejudice as a result." *Davis-Lynch, Inc. v. Moreno*, 667 F.3d 539, 548 (5th Cir. 2012).

Because Capt. Liu Tao has already been deposed in this case and the parties have not stipulated to a further deposition, Ladon must obtain leave of court in order to present

Capt Liu Tao for a further deposition and "the court must grant leave to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 30(a)(2).

## IV.
## <u>ARGUMENT & AUTHORITIES</u>

**1. Capt. Liu Tao and Ladon are the proper movants.**

The Fifth Amendment privilege belongs to Capt. Liu Tao , not to Ladon, and not to HFS. The privilege "adheres basically to the person, not to information that may incriminate him." *Couch v. United States*, 409 U.S. 322, 328 (1973). Only Capt. Liu Tao could assert the privilege, and only Capt. Liu Tao can withdraw the privilege. As a corollary, no other party has standing to object to Capt Liu Tao's decision to seek to withdraw his prior assertions of privilege. Of course, the Court must determine if such a withdrawal and the subsequent provision of testimony is consistent with the controlling *Davis-Lynch* jurisprudence.

Capt. Liu Tao's status as a non-party does not prevent him from seeking relief concerning his own deposition. The Rules permit "any person from whom discovery is sought" to move for a protective order, Fed. R. Civ. P. 26(c)(1), and Rule 30(b)(4) permits the Court to order a remote deposition "on motion" without limiting who may file the motion.

Capt. Liu Tao appears for the purpose of this motion alone. He does not submit to the jurisdiction of this Court for any other purpose, waive any defense, or consent to suit.

Ladon's request for leave to take a further deposition is a separate matter. Rule 30(a)(2) provides that "[a] party must obtain leave of court." Ladon, as a party, now seeks

that leave. HFS and the other claimants may be heard on whether Capt. Liu Tao's withdrawal would unduly prejudice them. The decision whether to give up the privilege, however, belongs to Capt. Liu Tao.

**2. The Court should permit Capt. Liu Tao to withdraw his Fifth Amendment invocation because he did not use the privilege tactically and HFS will suffer no undue prejudice.**

Under *Davis-Lynch*, a party may withdraw an invocation of the privilege "even at a late stage in litigation, if circumstances indicate that (1) the litigant was not using the privilege in a tactical, abusive manner, and (2) the opposing party would not experience undue prejudice as a result." 667 F.3d at 548. The way the Fifth Circuit applied that test to the two defendants in *Davis-Lynch* demonstrates why both conditions are met here.

**a. In *Davis-Lynch*, the Fifth Circuit permitted Moreno's withdrawal, which came early and left time for a deposition, but refused Pucek's, which came only in response to summary judgment with less than a week left in discovery.**

*Davis-Lynch* addresses whether, and when, a civil litigant may withdraw an invocation of the privilege. 667 F.3d at 546. The Fifth Circuit explained that withdrawal should be permitted where the opposing party will not suffer undue prejudice, and refused where the litigant is trying to abuse the privilege or gain an unfair strategic advantage. *Id.* at 547–48. "The timing and circumstances under which a litigant withdraws the privilege are relevant factors" in telling the two apart. *Id.* at 547.

The Fifth Circuit then identified the circumstances that mark a withdrawal as abusive. Some circuits had refused withdrawal where a litigant "invoked the privilege throughout discovery and then sought to withdraw the privilege either to support or defend

against a motion for summary judgment," out of concern that the litigant "appeared to be using the privilege to gain an unfair advantage." *Id.* at 547–48. A late withdrawal of that kind burdens the opposing party with "increased costs, delays, and the need for a new investigation," and a litigant "who provides previously withheld information at summary judgment places the opposing party at a significant disadvantage in responding to such information." *Id.* at 548. By contrast, the court cited with approval the Seventh Circuit's decision allowing defendants who had invoked the privilege during discovery "to withdraw the privilege and testify at trial," because they sought to withdraw "around the time that the prosecutor 'was wrapping up his probe'" in the criminal case and so were not "gaming the system." *Id.* (quoting *Evans v. City of Chicago*, 513 F.3d 735, 746 (7th Cir. 2008)).

The facts of *Davis-Lynch* illustrate the difference. The case arose from a civil RICO suit over an alleged scheme to embezzle millions of dollars from the plaintiff. *Id.* at 543–44. Two defendants, Moreno and Pucek, invoked the Fifth Amendment privilege in their answers to the complaint. *Id.* at 544. At a contempt hearing, Moreno waived the privilege in open court and answered substantive questions from the plaintiff's attorney, including whether he knew that funds provided to his company were embezzled. *Id.* A month later, the plaintiff moved for summary judgment against both defendants. *Id.* Moreno responded that he had already waived the privilege. *Id.* at 546. Pucek, who had invoked the privilege throughout discovery, stated that he was waiving it "in response to the motion." *Id.* at 546, 549. Each defendant attached an affidavit denying the plaintiff's claims. *Id.* at 546. The district court struck both affidavits, reasoning that the waivers did not overcome the defendants' "earlier and consistent refusal to participate in discovery during the designated

period of pre-trial proceedings," and then granted summary judgment against both defendants. *Id.*

The Fifth Circuit reversed as to Moreno for three reasons. *Id.* at 543, 548–49. First, Moreno withdrew early. He waived the privilege "more than a month before the discovery deadline, providing [the plaintiff] with several weeks during which to attempt to re-take his deposition." *Id.* at 548–49. Second, the added cost to the plaintiff was outweighed. The plaintiff "would incur some additional costs by taking Moreno's deposition," but that prejudice was "likely outweighed" because the plaintiff had time to depose Moreno and because doing so "would allow as much testimony as possible to be presented in the instant litigation." *Id.* at 549. Third, refusing the withdrawal would have made the privilege unduly costly. "The Supreme Court has cautioned against making invocations of the Fifth Amendment privilege against self-incrimination unnecessarily burdensome," and the district court "accordingly erred in denying Moreno's attempt to withdraw his assertion of the privilege." *Id.* The court drew the contrast with Pucek expressly. "Unlike Moreno's withdrawal," Pucek's withdrawal came "in response to" the summary-judgment motion and so "appear[ed] more likely to be an attempt to abuse the system or gain an unfair advantage." *Id.*

The Fifth Circuit affirmed as to Pucek for the opposite reasons. *Id.* at 549. Like the litigants in three decisions from other circuits, Pucek "invoked his Fifth Amendment privilege throughout the discovery process, only to withdraw his assertion in the face of a motion for summary judgment." *Id.* He had "withheld information that [the plaintiff] could have used in its investigation, only to provide information at the last moment, leaving [the

plaintiff] at a disadvantage." *Id.* And "[u]nlike the situation as to Moreno," the plaintiff "had less than a week to depose Pucek before the close of the discovery period." *Id.* Given that "eleventh-hour withdrawal" and the resulting "cost and delay," the district court acted within its discretion in refusing Pucek's withdrawal. *Id.*

Both defendants had invoked the privilege in their answers, and both later filed affidavits. What separated them was the timing and circumstances of each withdrawal. Moreno withdrew before the summary-judgment motion was filed, did so in open court where he answered the plaintiff's questions, and left the plaintiff weeks to depose him. Pucek withdrew only in response to summary judgment and offered his account for the first time in an affidavit.

**b. Like Moreno, and unlike Pucket, Capt. Liu Tao is not withdrawing to defeat a dispositive motion, HFS will have ample time to depose him, and he offers himself for questioning rather than via an affidavit.**

Measured by those same factors, Capt. Liu Tao's withdrawal resembles Moreno's, not Pucek's, in three respects.

First, Capt. Liu Tao is not withdrawing his invocation to support or defeat a dispositive motion, the circumstance the Fifth Circuit found suspect in Pucek's case. *See* 667 F.3d at 549. No dispositive motion is pending. HFS moved for summary judgment and argued that Capt. Liu Tao's invocation supported an adverse inference that the YANGZE 7 had insufficient crew to maintain a proper lookout. Doc. 167 at 20–21; *see* Doc. 182 at 18. Capt. Liu Tao did not withdraw his invocation to defeat that motion. Ladon opposed HFS's motion without any testimony from Capt. Liu Tao, and the Court denied HFS's motion. Doc. 182 at 21–22, *adopted*, Doc. 202 at 5. Ladon has never used Capt. Liu Tao's

invocation to gain an advantage. By contrast, HFS has used—and continues to try to use—Capt. Liu Tao's invocation of privilege against Ladon.

Second, HFS will have ample time to depose Capt. Liu Tao. Here, the Court has not tied the crew's depositions to the discovery deadline. The Court has advised that a separate date will be set, "in proximity to the trial setting," by which members of the crew "must either be produced for deposition or be barred from testimony at trial." Doc. 208 at 2. That date has not been set. No trial date has been set either, and the case will not be set for trial until the parties pursue further mediation. *Id.* at 1. Capt. Liu Tao is presenting himself before the Court's deadline for crew depositions has even been fixed, so HFS will have ample time to depose him.

Third, Capt. Liu Tao is offering himself for examination, not an affidavit. Pucek offered his account for the first time in an affidavit filed to defeat summary judgment, after withholding that account throughout discovery. 667 F.3d at 546, 549. That is the sequence the Fifth Circuit identified as prejudicial, because it leaves the opposing party "at a significant disadvantage in responding to such information." *Id.* at 548. Moreno, by contrast, waived the privilege in open court and answered the plaintiff's questions before the summary-judgment motion was filed. *Id.* at 544. Capt. Liu Tao's withdrawal follows Moreno's pattern. Capt. Liu Tao offers no affidavit and asks the Court to consider no new evidence on any motion. Instead, Capt. Liu Tao offers to sit for a deposition at which HFS and every other party may examine him before his testimony is used for any purpose.

**c. Capt. Liu Tao did not use the privilege tactically, because he invoked it on his own independent counsel's advice in circumstances the Court found reasonable under the circumstances.**

The first *Davis-Lynch* condition asks whether the litigant used the privilege to "abuse, manipulate or gain an unfair strategic advantage over opposing parties." 667 F.3d at 547 (quoting *United States v. Certain Real Prop. & Premises Known as 4003-4005 5th Ave., Brooklyn, N.Y.*, 55 F.3d 78, 84 (2d Cir. 1995)). The Court has already accepted as "reasonable under the circumstances" Ladon's explanation that the crew invoked the privilege on the advice of independent criminal counsel in light of the potential criminal investigation alleged only by HFS. Doc. 182 at 20–21. An invocation of privilege that the Court has found reasonable cannot be considered an abuse of the privilege.

The timing of Capt. Liu Tao's attempted withdrawal of privilege confirms that neither Capt. Liu Tao nor Ladon are seeking an unfair advantage. Capt. Liu Tao is not withdrawing his invocation of privilege on the eve of trial. No trial date has been set. Capt. Liu Tao is withdrawing his invocation of privilege after Judge Palermo observed that "no criminal investigation remains," Doc. 182 at 21 n.10, and after this Court advised the parties that crewmembers who are not produced for deposition by a date to be set in the future in proximity to the trial setting will be barred from testifying at trial. Doc. 208 at 2. As in *Evans*, which *Davis-Lynch* cited with approval, a withdrawal that follows the end of a criminal investigation is not "gaming the system." 667 F.3d at 548 (quoting *Evans*, 513 F.3d at 746). Here, attempting to withdraw the privilege in response to the Court's observations and instructions is not gamesmanship.

Moreover, for some time, Ladon has been liaising with the bridge team's criminal counsel to determine whether they are willing to withdraw their prior invocations of Fifth Amendment privilege and reappear for deposition. Only now, with the passage of time and having had no developments with regard to the filing of criminal charges or initiation of a criminal prosecution is Capt. Liu Tao prepared to withdraw his invocation of the privilege.

**d. HFS cannot show undue prejudice as the Court preserved each party's right to seek a more complete deposition, no trial date has been set, and HFS loses only an adverse inference that the Court is not required to draw.**

Prejudice here is measured against the trial date, not the discovery deadline. *In re Broiler Chicken Antitrust Litig.*, 2022 WL 3139570, at *1 (N.D. Ill. Aug. 5, 2022) (citations omitted). As shown above, no trial date has been set, and the Court has not yet fixed its deadline for crew depositions. Doc. 208 at 1–2. Similarly, the parties have deferred several depositions until after the completion of further mediations ordered by the Court and the setting of a trial date.

Additionally, many of the fact and expert depositions have been taken, so the attorneys who examine Capt. Liu Tao will have the full record in hand. Having the full record before examining Capt. Liu Tao "could be seen as an advantage." *Broiler Chicken*, 2022 WL 3139570, at *1.

HFS also cannot claim surprise. In her July 31, 2024, Order Re: Expedited Depositions, Judge Palermo expressly ordered that "the depositions [including of Capt. Liu Tao] are for the purpose of perpetuating evidence and shall not prejudice any party's right to seek a more complete deposition of any of the deponents later [including Capt. Liu Tao]."

Doc. 41 at 3. Judge Palermo has also observed that "there is no indication that HFS sought to take [Capt. Liu Tao's] deposition at a later date when the threat of criminal liability dissipated." Doc. 182 at 21. Capt. Liu Tao's withdrawal is not the "eleventh hour" withdrawal that courts have refused to allow. *Certain Real Prop.*, 55 F.3d at 85.

Further, the relevant prejudice is prejudice "from the litigant's later-regretted decision to invoke the Fifth Amendment." *Davis-Lynch*, 667 F.3d at 547 (quoting *Certain Real Prop.*, 55 F.3d at 84). The prejudice that flowed from Capt. Liu Tao's 2024 invocation of privilege was that HFS could not obtain Capt. Liu Tao's testimony. A further deposition cures that prejudice by giving HFS the opportunity to procure the testimony that HFS could not obtain in 2024. Capt. Liu Tao's firsthand account is the testimony HFS has told the Court it will offer at trial:

| | | |
|---|---|---|
| 4. | Captain Tao Liu | c/o Royston, Rayzor, Vickery & Williams, L.L.P.<br>1415 Louisiana Street<br>Suite 4200<br>Houston, Texas 77002<br>Telephone: (713) 224-8380 |
| | ☐ Live ■ Deposition<br>■ Fact ☐ Expert ☐ Record Custodian<br>*Brief description of witness capacity and testimonial topics:*<br>Captain Tao Liu was the captain of the YANGZE 7. Captain Tao's deposition testimony will be offered regarding the facts and circumstances surrounding the Incident, operations, procedures, policies, safety, facts, and liability. His testimony will also be offered with regards to Captain Tao's firsthand knowledge of the events of the day of the Incident as well as his responsibilities as Captain and the status, condition, and readings of his ship, crew, equipment and pilot on the day of the Incident. | |

Doc. 184-5 at 4 (HFS Witness List). What HFS loses by Capt. Liu Tao's withdrawal of privilege is the ability exploit against Ladon an adverse inference that, Judge Palermo has correctly noted, "the trier of fact is not required to draw." Doc. 182 at 20 (quoting *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 762 F. Supp. 2d 942, 962 (S.D. Tex. 2010)).

In any event, for trial purposes, HFS has designated excerpts from the 2024 deposition, in which Capt. Liu Tao answered background questions but otherwise invoked his Fifth Amendment privilege in response to other questions. Doc. 189 at 5–9. Losing the ability to present Capt. Liu Tao's Fifth Amendment invocations at trial and potentially garnering the tactical benefits of an adverse inference—because Capt. Liu Tao has now agreed to answer the questions—is not the kind of prejudice that *Davis-Lynch* guards against. Moreover, because this case will be tried to the bench, the Court can hear Capt. Liu Tao's testimony and still decide what weight, if any, to give Capt. Liu Tao's 2024 invocations. *See Fid. & Deposit Co. of Am. v. Benetech, L.L.C.*, 2013 WL 2156320, at *2 (E.D. La. May 17, 2013) (allowing a key witness to withdraw his invocation before a bench trial, even after finding that the late withdrawal was an attempt to gain an unfair advantage, and weighing the witness's testimony with and without an adverse inference and determining whether to apply the adverse inference post-trial).

**e. Denying withdrawal would bar Capt. Liu Tao from testifying at trial and keep his account of the collision from the Court, the opposite of what *Davis-Lynch* directs.**

The Fifth Circuit has also directed courts to "seek out ways to permit 'as much testimony as possible to be presented in the civil litigation, despite the assertion of the privilege.'" *Davis-Lynch*, 667 F.3d at 547 (quoting *Certain Real Prop.*, 55 F.3d at 84). The

Supreme Court has likewise cautioned against "any sanction which makes assertion of the Fifth Amendment privilege 'costly.'" *Id.* (quoting *Spevack v. Klein*, 385 U.S. 511, 515 (1967)).

Ladon respectfully submits that denying this motion would do the reverse of what *Davis-Lynch* directs. Under this Court's order, a crewmember who is not produced for deposition by the date the Court sets will be barred from testifying at trial. Doc. 208 at 2. Denial would therefore keep Capt. Liu Tao's account of the collision out of the trial record because of prior Fifth Amendment invocations that this Court found "reasonable under the circumstances." Doc. 182 at 20–21.

**3. The Court should grant Ladon Leave to present Capt. Liu Tao for a further deposition and order that the deposition proceed by remote videoconference.**

**a. Rule 30(a)(2) requires the Court to grant leave, because Capt. Liu Tao's firsthand account is relevant and proportional, is available from no other source, and was unavailable to every party in 2024.**

Rule 30(a)(2) requires a party to obtain leave of court to depose a witness who "has already been deposed in the case," unless the parties stipulate to the deposition. Fed. R. Civ. P. 30(a)(2)(A)(ii). When a party seeks that leave, "the court must grant leave to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 30(a)(2). A further deposition of Capt. Liu Tao is consistent with both provisions.

Granting leave to allow the deposition is consistent with Rule 26(b)(1) because, once Capt. Liu Tao withdraws his invocation, his account of the collision is "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Likewise, granting leave to allow the deposition is consistent with Rule 26(b)(2)

because none of the limits in Rule 26(b)(2)(C) applies. Capt. Liu Tao's account is not cumulative of other evidence, no other source can provide it, and Capt. Liu Tao's 2024 invocation kept that account from every party—including Ladon—in a situation where this Court has found the invocation reasonable. Doc. 182 at 20–21.

**b. The deposition should proceed by remote videoconference, because Capt. Liu Tao is a foreign seafarer serving in the Far East and this Court has found that concerns about virtual depositions do not comport with available technology.**

Rule 30(b)(4) permits the Court to order that "a deposition be taken by telephone or other remote means." This Court has applied that discretion in favor of remote depositions, finding that "[c]oncerns expressed by Defendants about the logistics of virtual depositions simply don't comport with available technology." *Gonzalez v. IronTiger Logistics, Inc.*, 2020 WL 6218560, at *2 (S.D. Tex. Oct. 22, 2020) (Eskridge, J.).

Capt. Liu Tao is a foreign national and an active seafarer. who is presently serving as a Master aboard a bulk carrier, now trading in the Far East. Capt Liu Tao has no connection to this District beyond the 2024 transit of the Houston Ship Channel made the subject of these proceedings. Requiring Capt. Liu Tao to return to Houston to provide deposition testimony imposes a burden on him that technology makes unnecessary. Capt. Liu Tao is willing to appear by videoconference before an officer qualified under Rule 28(b) to provide his deposition testimony.

## V.
## CONCLUSION

Ladon respectfully requests that the Court enter an Order permitting Capt. Liu Tao to withdraw his prior assertions of the Fifth Amendment privilege, allowing Ladon to

present Capt Liu Tao for a further deposition as contemplated by the Court's July 31, 2024 Order and directing that the deposition of Capt. Liu Tao may be taken by remote videoconference under Rule 30(b)(4), as well as granting Ladon such other relief to which it is entitled.

Respectfully submitted,

By: */s/ Kevin P. Walters*

Kevin P. Walters
State Bar No. 20818000
Federal I.D. No. 5649
kevin.walters@roystonlaw.com
Richard A. Branca
State Bar No. 24067177
Federal I.D. No. 828076
richard.branca@roystonlaw.com
Eugene W. Barr
State Bar No. 24059425
Federal I.D. No. 1144784
eugene.barr@roystonlaw.com
Dimitri P. Georgantas
State Bar No. 07805100
Federal I.D. No. 2805
dimitri.georgantas@roystonlaw.com
Blake E. Bachtel
State Bar No. 24116055
Federal I.D. No. 3479533
blake.bachtel@roystonlaw.com
1415 Louisiana Street, Suite 4200
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945

**ATTORNEYS FOR PETITIONER LADON SHIPPING PTE. LTD.**

**CERTIFICATE OF CONFERENCE**

I hereby certify that I conferred with counsel for HFS and the other Claimants via e-mail. HFS confirmed it is opposed to the filing of this Motion and the relief requested therein.

*/s/ Kevin P. Walters*
Kevin P. Walters

**CERTIFICATE OF WORD COUNT**

I hereby certify that this Motion to Withdraw Assertion of 5th Amendment Privilege complies with Section 18(c) of this Court's procedures and is 4,447 words, exclusive of the case caption, signature block, and certificate of service.

/s/ *Kevin P. Walters*
Kevin P. Walters

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of September, 2026, I served a true and correct copy of the foregoing Motion to Withdraw Assertion of 5th Amendment Privilege, pursuant to Rule 5 of the Federal Rules of Civil Procedure and/or via the CM/ECF Filing System, which will automatically serve a notice of electronic filing, and/or by facsimile and/or by depositing the same in the United States Mail, postage prepaid and properly addressed to the following:

David L. Reisman
Elizabeth B. McIntosh
LISKOW & LEWIS
Hancock Whitney Center
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
dreisman@liskow.com
ebmcintosh@liskow.com

Michael A. Golemi
Jonas S. Patzwall
Elizabeth A. Strunk
LISKOW & LEWIS
1001 Fannin Street, Ste. 1800
Houston, TX 77002
magolemi@liskow.com

Ryan H. Zehl
Justin C. Warner
Michael E. Streich
ZEHL & ASSOCIATES, PC
2700 Post Oak Blvd., Suite 1000
Houston, Texas 77056
eservice@zehllaw.com
warner@zehllaw.com
mstreich@zehllaw.com
***Attorneys for Tracey Lowman***

Michael Patrick Doyle
Patrick M. Dennis
Jeffrey Avery
DOYLE DENNIS AVERY LLP
3401 Allen Parkway, Suite 100

jspatzwall@liskow.com
eastrunk@liskow.com
***Attorneys for***
***Houston Fleeting Services LLC***

Cesar Tavares
Alma J. Reyes
Michael Samaniego
Alejandro Salicrup
Ben Bireley
WILLIAMS, HART & BOUNDAS LLP
8441 Gulf Freeway, Suite 600
Houston, Texas 77017-5001
tavareslitteam@whlaw.com
ctavares@whlaw.com
areyes@whlaw.com
msamaniego@whlaw.com
asalicrup@whlaw.com
bbireley@whlaw.com
***Attorneys for Tierney Love a/n/f of Minor M.L***

Houston, Texas 77019
service@doylelawfirm.com
***Attorneys for Claimant Karribian Scott, as Next Friend of A.L. and K.L.***

Adam Davis
Ryan Vechan
ADAM DAVIS LAW FIRM
22398 Hwy 435
Abita Springs, LA 70420
ad@adamdavislawfirm.com
ryan@adamdavislawfirm.com
***Attorneys for***
***Capt. Mark Doyle***

*/s/ Kevin P. Walters*
Kevin P. Walters