**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **Houston Fleeting Services LLC** | § | |
| | § | |
| **v.** | § | **C.A. No. 4:24-cv-2705** |
| | § | **(lead case as consolidated with** |
| **M/V YANGZE 7, her engines, tackle,** | § | **4:24-cv-2855,** |
| **apparel, etc., *in rem*; Ladon Shipping** | § | **4:24-cv-2739, and** |
| **Pte. Ltd.; Yangzijiang Shipping Pte.** | § | **4:24-cv-2759)** |
| **Ltd.; and Shanghai Run Yuan Shipping** | § | **IN ADMIRALTY** |
| **Management Co., Ltd.** | § | |

# NON-PARTY CAPT. LIU TAO AND LADON SHIPPING PTE. LTD.'S REPLY IN SUPPORT OF MOTION (DOC. 218) TO WITHDRAW FIFTH AMENDMENT PRIVILEGE, FOR FURTHER DEPOSITION, AND FOR REMOTE VIDEOCONFERENCE

## I. INTRODUCTION

At the 2024 hearing on its emergency motion ***demanding expedited depositions***, HFS warned that never obtaining the crew's testimony "would be a tremendous miscarriage of justice." Doc. 39 at 13:17–20. HFS now asks the Court to deny Capt. Liu Tao's withdrawal of his Fifth Amendment invocation and expressly reserves the right to ***still*** seek an adverse inference even if Capt. Liu Tao testifies. Doc. 223 at 11. Two reasons favor the testimony and disfavor the adverse inference.

First, courts should look for ways to allow as much testimony as possible despite an invocation of the privilege. *Davis-Lynch, Inc. v. Moreno*, 667 F.3d 539, 547 (5th Cir. 2012). Second, this Court's docket-call order already contemplates crew depositions before a deadline the Court has not yet set. Doc. 208 at 2. Capt. Liu Tao offers to be deposed before any deadline exists. The Court should grant the motion.

## II.
## <u>ARGUMENT</u>

**1. HFS ignores the docket-call order, which contemplates crew depositions before a deadline the Court has not yet set.**

In its objections to Ladon's witness list, HFS asked the Court to bar the crew's live testimony at trial. Doc. 194 at 1–2. In its docket-call order, the Court advised the parties, "[a]s to the potential invocation of the Fifth Amendment," that "there will be a date set in proximity to the trial setting by which members of the crew of the Yangze 7 must either be produced for deposition or be barred from testimony at trial." Doc. 208 at 2. The Court has not set a trial date. *Id.* at 1.

HFS argues the case is "ready to be tried," but never mentions the Court's instruction. Doc. 223 at 2. HFS instead measures Capt. Liu Tao's withdrawal from the discovery deadline and calls trial "imminent." *Id.* at 4, 7. If timing ran from the discovery deadline, no crew member who invoked the Fifth Amendment privilege could ever be "produced for deposition" under the Court's instruction. Capt. Liu Tao came forward before the Court set any deadline for the crew. The withdrawal is timely under that instruction.

**2. HFS wants the adverse inference—not the evidence—and has opposed every source of Capt. Liu Tao's testimony beyond his 2024 Fifth Amendment invocations at his deposition.**

As this Court is aware, HFS moved for the 2024 depositions on an emergency basis four days after the collision. Doc. 13 at 1. At the hearing on that motion, HFS's counsel represented to the Court that the Coast Guard was evaluating the YANGZE 7's crew for potential criminal liability. Doc. 39 at 20:16–19. HFS then argued an "adverse inference" would follow if Ladon's witnesses were "not produced later." *Id.* at 35:10–11. Even still,

Judge Palermo's order on the expedited depositions preserved "any party's right to seek a more complete deposition of any of the deponents later." Doc. 41 at 3.

On independent criminal counsel's advice, Capt. Liu Tao invoked the Fifth Amendment privilege at his deposition. Doc. 218-1 at 1 ¶¶ 4–5. In HFS's reply in support of its motion for summary judgment against Ladon, HFS argued the adverse inference was "material evidence that Ladon had knowledge and privity." Doc. 169 at 6. In recommending denial of HFS's motion, Judge Palermo found Ladon's explanation for the invocations "reasonable under the circumstances." Doc. 182 at 20–21. Judge Palermo also found "no indication that HFS sought to take the Captain's deposition at a later date when the threat of criminal liability dissipated." *Id.* at 21. Judge Palermo declined to draw the inference and, without it, found "insufficient evidence" of Capt. Liu Tao's knowledge. *Id.* Capt. Liu Tao now offers the later deposition HFS did not seek. Doc. 218-1 at 2 ¶¶ 8, 11.

HFS has opposed every attempt by Ladon to offer testimony from the YANGZE 7 crew or from Ladon beyond the 2024 depositions. First, HFS seeks to bar live testimony from the crew and from Ladon's Designated Person Ashore and Fleet Manager. Doc. 194 at 1–2; Doc. 199-2 at 2. In its reply objecting to Ladon's witnesses, HFS characterized Ladon's offer to make its witnesses available for deposition before trial as "not a remedy" and "too little, too late." Doc. 201 at 1. Second, HFS moved in limine to exclude Capt. Liu Tao's July 21, 2024 interview with the Coast Guard and NTSB. Doc. 209 at 2; Doc. 205 at 18 (Ex. 265). HFS argued the crew's testimony was "available through other means" and the interview transcripts contained "testimony not given under oath, not subject to cross

examination." Doc. 209 at 8. Third, HFS now opposes the sworn, cross-examined testimony HFS argued the interview lacked.

HFS asserts the depositions and motions in this case "relied on the absence of substantive testimony from Capt. Liu Tao." Doc. 223 at 7. HFS reserves the right "to re-urge whether an adverse inference based on Capt. Liu Tao's prior Fifth Amendment invocation is appropriate." *Id.* at 11. In other words, HFS asks the Court to exclude Capt. Liu Tao's substantive testimony—in any form and in its entirety—and then infer that the answers would have harmed Ladon.

**3. HFS's remaining arguments fail.**

**A. The withdrawal is timely because no dispositive motion is pending and no trial date is set.**

HFS calls the timing of Capt. Liu Tao's withdrawal "even more egregious than Pucek's." Doc. 223 at 4. In *Davis-Lynch*, Pucek invoked the privilege throughout discovery, "only to withdraw his assertion in the face of a motion for summary judgment." 667 F.3d at 549. The Fifth Circuit found Pucek's withdrawal in response to that motion "appear[ed] more likely to be an attempt to abuse the system or gain an unfair advantage." *Id.*

Here, Ladon defeated HFS's summary-judgment motion without Capt. Liu Tao's testimony. Doc. 182 at 21–22; Doc. 202 at 5. Thus, the withdrawal gains Ladon no advantage on any dispositive motion. Moreover, HFS's own authorities allowed withdrawals later than this one. *In re Capacitors Antitrust Litig.*, 2020 WL 13985044, at *1–2 (N.D. Cal. Jan. 15, 2020) ("[a]fter discovery and all other pretrial proceedings had

closed”); *United Healthcare Servs., Inc. v. Mortazavi*, 2026 WL 2076020, at *1, *5–6 (N.D. Tex. July 16, 2026) (more than two years after discovery closed).

### B. Capt. Liu Tao is not gaming the system, whether the criminal threat has ended or remains.

No United States official has contacted Capt. Liu Tao or his lawyer about any criminal matter arising out of the collision. Doc. 218-1 at 1 ¶ 6. Judge Palermo observed that “no criminal investigation remains.” Doc. 182 at 21 n.10. Citing nothing, HFS maintains the threat of criminal investigation “remains pending,” yet faults Capt. Liu Tao for not withdrawing the privilege “over a year ago.” Doc. 223 at 5–6.

If the threat has passed, Capt. Liu Tao is withdrawing the privilege at the threat’s end. If the threat remains, Capt. Liu Tao is surrendering real protection to testify. Doc. 218-1 at 2 ¶ 9. Either way, Capt. Liu Tao is not “gaming the system.” *Davis-Lynch*, 667 F.3d at 548 (quoting *Evans v. City of Chicago*, 513 F.3d 735, 746 (7th Cir. 2008)).

### C. A further deposition can cure any prejudice, and the adverse-inference question belongs at trial.

HFS objects that Capt. Liu Tao will see “everyone else’s cards.” Doc. 223 at 4. However, HFS’s counsel attended Capt. Liu Tao’s recorded interview on July 21, 2024, before any deposition or expert report. Doc. 39 at 8:19–24, 10:7–8. HFS names no expert opinion, deposition, or motion Capt. Liu Tao’s testimony would change.

HFS’s own authority concluded that barring the testimony and giving an adverse-inference instruction would “exceed what is necessary to prevent unfair prejudice.” *Mortazavi*, 2026 WL 2076020, at *6.

In a bench trial, a court allowed a witness to withdraw the privilege weeks before trial, despite finding the witness had tried "to abuse the system," and reserved the adverse-inference question until after trial. *Fid. & Deposit Co. of Am. v. Benetech, L.L.C.*, 2013 WL 2156320, at *1–2 (E.D. La. May 17, 2013). The Court should likewise defer any adverse-inference or impeachment question until trial. *See id.* at *2; *In re Broiler Chicken Antitrust Litig.*, 2022 WL 3139570, at *2 (N.D. Ill. Aug. 5, 2022) (impeachment).

### D. A remote deposition is proper because no process can compel Capt. Liu Tao, a non-party abroad, to come to Houston.

In each case HFS cites to oppose a remote deposition, the witness was a party, a party's employee, or a party's retained expert. Doc. 223 at 8–11. Capt. Liu Tao is not a party. Doc. 218-1 at 1 ¶ 3. HFS also argues Capt. Liu Tao must appear here because Ladon "filed suit in this district." Doc. 223 at 10. But HFS chose this forum, not Ladon. HFS filed suit in this Court and obtained an order to arrest the YANGZE 7 in this district. Doc. 11. Supplemental Rule F(9) then required Ladon to file its limitation complaint in this district. Moreover, no process could compel Capt. Liu Tao to travel to Houston. *See* Fed. R. Civ. P. 45(c)(1)(A); 28 U.S.C. § 1783(a).

## III. CONCLUSION

The Court should grant the motion. Any adverse-inference or impeachment question should await trial.

Respectfully submitted,

By: */s/ Kevin P. Walters*

Kevin P. Walters
State Bar No. 20818000
Federal I.D. No. 5649
kevin.walters@roystonlaw.com
Richard A. Branca
State Bar No. 24067177
Federal I.D. No. 828076
richard.branca@roystonlaw.com
Eugene W. Barr
State Bar No. 24059425
Federal I.D. No. 1144784
eugene.barr@roystonlaw.com
Dimitri P. Georgantas
State Bar No. 07805100
Federal I.D. No. 2805
dimitri.georgantas@roystonlaw.com
Blake E. Bachtel
State Bar No. 24116055
Federal I.D. No. 3479533
blake.bachtel@roystonlaw.com
1415 Louisiana Street, Suite 4200
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945

**ATTORNEYS FOR PETITIONER
LADON SHIPPING PTE. LTD.**

## CERTIFICATE OF WORD COUNT

I hereby certify that this Reply in Support of Motion (Doc. 218) to Withdraw Fifth Amendment Privilege, for Further Deposition, and for Remote Videoconference complies with Section 18(c) of this Court's procedures and is 1,537 words, exclusive of the case caption, signature block, and certificates.

/s/ *Kevin P. Walters*
Kevin P. Walters

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of November, 2026, I served a true and correct copy of the foregoing Reply in Support of Motion (Doc. 218) to Withdraw Fifth Amendment Privilege, for Further Deposition, and for Remote Videoconference, pursuant to Rule 5 of the Federal Rules of Civil Procedure and/or via the CM/ECF Filing System, which will automatically serve a notice of electronic filing, and/or by facsimile and/or by depositing the same in the United States Mail, postage prepaid and properly addressed to the following:

David L. Reisman
Elizabeth B. McIntosh
LISKOW & LEWIS
Hancock Whitney Center
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
dreisman@liskow.com
ebmcintosh@liskow.com

Michael A. Golemi
Jonas S. Patzwall
Elizabeth A. Strunk
LISKOW & LEWIS
1001 Fannin Street, Ste. 1800
Houston, TX 77002
magolemi@liskow.com
jspatzwall@liskow.com
eastrunk@liskow.com
***Attorneys for***
***Houston Fleeting Services LLC***

Ryan H. Zehl
Justin C. Warner
Michael E. Streich
ZEHL & ASSOCIATES, PC
2700 Post Oak Blvd., Suite 1000
Houston, Texas 77056
eservice@zehllaw.com
warner@zehllaw.com
mstreich@zehllaw.com
***Attorneys for Tracey Lowman***

Michael Patrick Doyle
Patrick M. Dennis
Jeffrey Avery
DOYLE DENNIS AVERY LLP
3401 Allen Parkway, Suite 100
Houston, Texas 77019
service@doylelawfirm.com
***Attorneys for Claimant Karribian Scott, as Next Friend of A.L. and K.L.***

Cesar Tavares
Alma J. Reyes
Michael Samaniego
Alejandro Salicrup
Ben Bireley
WILLIAMS, HART & BOUNDAS LLP
8441 Gulf Freeway, Suite 600
Houston, Texas 77017-5001
tavareslitteam@whlaw.com
ctavares@whlaw.com
areyes@whlaw.com
msamaniego@whlaw.com
asalicrup@whlaw.com
bbireley@whlaw.com
***Attorneys for Tierney Love a/n/f of Minor M.L***

Adam Davis
Ryan Vechan
ADAM DAVIS LAW FIRM
22398 Hwy 435
Abita Springs, LA 70420
ad@adamdavislawfirm.com
ryan@adamdavislawfirm.com
***Attorneys for Capt. Mark Doyle***

*/s/ Kevin P. Walters*
Kevin P. Walters